## KLINK & WIFE *v.* COHEN & SILVERSTEIN.

IN ejectment, suit must be brought against the terre-tenant, or party in possession. If inconsistent defenses be set up, the defect must be reached by motion to strike out, or in some cases, by demurrer. And, if no objection be taken to the answer on this ground, defendant, on the trial, may rely on any of his defenses, as under the old system.

APPEAL from the Ninth District.

For case, see opinion.

*J. A. Fletcher,* for Appellant.

*Heydenfeldt,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This was ejectment, to recover a house and lot in Yreka, claimed by the plaintiff to be homestead property. The Court rendered a judgment for the defendants, upon a special finding of facts by the jury. The facts so found were these : That the premises are situated in the town of Yreka, on a public street in a business portion of the town, the town containing a population of some two thousand souls, and the site of the town being mineral land ; that the defendants bought the lot at Sheriff's sale, in February, 1855, and have been in possession since ; that one Alexander was in actual possession of the property at the time of the bringing of the suit, and for twenty-nine days before ; that the property was used by Klink and wife, whilst they owned it, for family and business purposes, and equally for each ; that they had another and different place of residence before the fire in 1854, which consumed the first building, and this other resi-

dence was in Yreka, and was before the bringing of this suit; that Klink claimed another homestead before or at the time of the purchase of defendants; but that at the sale the Sheriff made a proclamation that Klink claimed this lot as a homestead, and the defendants heard it, and that defendants, at the time of sale, had no knowledge that Klink claimed other property as his homestead. The monthly value of this property is one hundred and twenty-five dollars. As a residence the value is one hundred dollars per month. Defendants have made no valuable improvements. At the date of defendants' purchase there was a mechanics' lien on the premises for four hundred and eighty-eight dollars and fifty cents, which was afterwards paid by defendants. Mrs. Klink never claimed any other property as homestead, nor lived with her husband on any other property—he and she claiming the same as a homestead. The property was worth one hundred and thirty-five dollars a month to the plaintiffs, as used by them. The plaintiffs resided upon the premises between the 15th of June, 1854, and the 21st of February, 1855, and Mrs. Klink claimed the premises as a homestead while so residing. Plaintiffs were husband and wife from 1849 to 1858. Mrs. Klink claimed the premises a short time before leaving them. She claimed no other property as her homestead. Defendants purchased the premises on execution sale against Klink, 21st February, 1855, for two thousand three hundred dollars. Plaintiff resided in the back part of the building; no communication between the front rooms and back. Plaintiffs were owners of the premises and built a dwelling-house on the premises; the house was built as a place of business or trade, and a dwelling-house. The premises were not the only family residence of plaintiffs in the year 1854 and 1855.

We have taken these facts from the findings, in the order in which they are found.

Upon this case thus made, the judgment of the Court rests :

1. The jury found that the defendants were not in the actual possession or occupancy of the premises at the time of the suit. In ejectment, suit must be brought against the terre-tenant or party in possession. This we have held in several cases. (See Adams on Ejectment, 512, to the same effect.)

2. The complaint was not verified. The answer sets up two

Klink *v.* Cohen.

or three separate defenses, separately stated. In one of them the actual possession is admitted; in another it is denied. But the admission in the first defense, the Statute of Limitations, whether necessarily inconsistent or not with the denial of occupancy in the last, we think was not an admission of which the plaintiff could avail himself on the trial. It has been held in several cases in New York, that a party cannot set up inconsistent defenses. (See 4 Sandf. S. C. 680.) But it is said: "When inconsistent defenses are set up, the defect is properly to be reached by motion to strike out one of the defenses—in which case, as under the old practice, the Court will either strike out the defense, or compel the defendant to elect by which he will abide. If a motion to strike out the objectionable matter cannot reach or cure the defect, the objection, it is presumed, may be taken by demurrer, as in the case of *Sayles* v. *Wooden, Lewis* v. *Kendall,* and others. Such an answer would be insufficient within the meaning of the code, and may be objected to by demurrer, for it is held that an answer is insufficient in the sense of the code, not only where it sets up a defense which is groundless in law, but where in the mode of stating a defense, otherwise valid, it violates those primary and essential rules of pleading which the code has retained. And the rule is, no doubt, correctly laid down in the case of *Nichols* v. *Jones,* that "where the objection is to the whole of a separate answer or defense, it should be taken by demurrer, unless palpably insufficient," etc. (Van Santvoord's Pleadings, 287, and cases there cited.)

No objection having been taken to the answer, on the score of this inconsistency, we think the defendant might, as under the old system of pleading, rely on the matter of his last defense, unaffected by the statements in a prior separate and distinct plea or defense.

This view renders it unnecessary to consider the other questions, elaborately argued, on the embarrassing and perplexing subject of homestead property.

Judgment affirmed.