## JOSE G. URIDIAS v. JOHN C. MORRELL.   (No. 2.)

TENANT AT SUFFERANCE.—By the common law, a tenant who holds over after the expiration of his lease, was regarded as a tenant at sufferance; but this estate was destroyed whenever the true owner made an actual entry on the lands and ousted the tenant.

TENANT HOLDING OVER.—Section thirteen of the Act concerning forcible entry and detainer, as amended by the third section of the Act of 1862, makes no change in the common law except in the fact that it dispenses with a formal entry, and substitutes therefor a written demand.

SAME—UNLAWFUL DETAINER.—A complaint in an action based upon said section, where eight months had expired after the expiration of the lease, which does not aver that the holding over on the part of the defendant was wrongful, nor that a surrender of the possession was demanded and refused within the year ensuing the lease, does not state facts sufficient to constitute a cause of action.

SAME—EVIDENCE EXTENDING LEASE.—An agreement made by the landlord with the tenant, after the expiration of the lease, that the tenant shall have possession of the premises one year longer, paying therefor a stipulated rent, to be paid if the land is included in a certain survey, vests in the tenant the present right to possess the lands until the expiration of the agreement, and if pleaded, is admissible in evidence as a defense to an action for holding over brought before the expiration of the time specified in the agreement.

PLEADING INCONSISTENT DEFENSES.—If inconsistent defenses are set up in an answer, the defect must be reached by motion to strike out or by demurrer ; and if no objection be taken to the answer on this ground, defendant may on the trial rely on any of these defenses.

APPEAL from the County Court, Santa Clara County.

The facts are stated in the opinion of the Court.

*S. O. Houghton,* for Appellant.

In an action to recover possession from a tenant holding over, there should be some allegation charging not only that his lease has expired, but also that he continues in possession of the demanded premises wrongfully after a lawful demand has been made that he deliver up the possession. If the defendant is a tenant refusing to pay rent, a demand of rent was necessary to make his further holding illegal.

No such demand is alleged, nor is it alleged that the defend-

ant is holding over after the expiration of his lease without the consent of his landlord the plaintiff, or that his holding is wrongful.

The complaint shows defendant to have entered lawfully; the presumption of law is that his continued possession is also lawful; and to overcome such presumption there should be some allegation to show such holding to be wrongful.

The mere fact of a tenant remaining in possession after the expiration of the lease under which he entered, does not necessarily make such possessing wrongful, for it may be rightful through the mere acquiescence of the landlord, or may be with his consent. The complaint should state facts sufficient to show a right in the plaintiff to the possession of the premises sued for at the time of the commencement of the action.

In *Conway* v. *Starkweather*, 1 Denio, 114, it was held that: "When a tenant under a demise for a year or more holds over after the end of his term without any new agreement of his landlord, he may be treated as a tenant from year to year, and in all other respects as holding according to the terms of the original lease. He will be a tenant if the landlord either receives or distrains for rent after the end of the original term; and when he neither says or does anything, his acquiescence may perhaps be inferred from mere lapse of time."

From the allegations of the complaint, it appears that the defendant remained in possession eight months after the end of his original term, without any notice to quit being given; and if the acquiescence of the landlord can be presumed from his silence in any case, it most certainly can under circumstances such as these.

The defendant naturally supposed from his silence that the plaintiff consented to his retaining possession for another year upon the same terms as previously stipulated.

By remaining in possession, the defendant became liable to pay to the plaintiff the rent of the premises for that year at the rate reserved in the lease under which he entered; and as a result of this liability, he became entitled to the possession

for the same period as a tenant from year to year, and this tenancy could only be terminated by a notice to quit of one month, terminating with the end of the year, to wit: on the first of October, 1862. (Statutes of 1861. p. 514.)

This statute is the same as the New York revised statute, under which it was held that a tenant from year to year may be summarily removed upon *one month's notice to quit, terminating with the year.* (*Prouty* v. *Prouty,* 5 How. P. R. 81.)

In *Jackson* v. *Salmon,* 4 Wend. 327, it was held that when the defendant had hired the premises for one year, and continued in possession after that period, he was *a tenant from year to year,* and entitled to notice to quit.

The alleged notice here was premature, as was also the action. Even though the notice was good, the plaintiff's right of action did not accrue until the first day of October, 1862, the end of the current year.

In this complaint it appears that the possession is demanded against a tenant holding after the lease under which he entered has expired, and also the rent of the premises at the rate specified in said lease from the time of the expiration thereof. The only ground upon which an action can be maintained for the recovery of rent, is that the defendant is the tenant of plaintiff. Yet such facts as show rent to be due from the defendant to the plaintiff are not stated; nor are there such allegations in the complaint as show that defendant has forfeited his term by non-payment of rent after demand thereof.

*Yoell & Williams,* for Respondent.

The averments of the complaint are, and the proof shows, that the lease was for a certain and definite length of time. In such a case the tenant is bound to know when his term expires, and if he holds over after its termination, he is strictly a tenant at will, and would not be entitled to notice but for our statute, which treats him as a holding over tenant, entitled to three days notice. (4 Kent, 114; Story on Contracts, sec. 934; Taylor's L. and T., 465; Forcible Entry Act, sec. 13.)

No such continuing tenancy as is claimed by appellant will be presumed, unless there was payment and acceptance of rent after expiration of term, and there is no pretence of anything of the kind here. (Taylor's L. and T., secs. 58, 718, 468; 7 Cow. 747; 4 Wend. 327; 5 Wend. 26.) The defendant could not have supposed that plaintiff acquiesced in a new term, because negotiations were always pending as to character and term of lease, and amount of rent for a new term; and if he occupied during such period, it was with knowledge that the plaintiff could terminate his occupancy at any time by notice to quit, in the absence of a new contract.

By the Court, SHAFTER, J.

This action is based upon the thirteenth section of the Forcible Entry and Detainer Act, as amended by the third section of the Act of 1862. The complaint alleges that the plaintiff demised the premises to the defendant for one year ensuing the first of October, 1860, at the yearly rent of two dollars per acre; that on or about the first of October, 1860, the defendant entered into possession of the premises under the lease, and that after the expiration of the term the defendant failed and refused to deliver the possession of the premises to the plaintiff, or to pay the rents therefor; and that when such delivery was demanded, in writing, on the third of June, 1862, the defendant neglected and refused to deliver. The complaint was filed July 16, 1862.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and thereafter the case was tried upon the issues of fact. The verdict of the jury was for the plaintiff, and the defendant appeals from the judgment and from an order denying his motion for a new trial.

I. It is claimed that the order overruling the demurrer was erroneous.

It is urged that there is no allegation in the complaint that the holding over on the part of the defendant was wrongful,

and that in the absence of such allegation it must be presumed that the holding over was under some new and substantive agreement, or at least by leave and license of the plaintiff.

When a tenant holds over after the expiration of his lease, he is regarded by the common law as a tenant at sufferance; but this estate may be destroyed whenever the true owner shall make an actual entry on the lands and oust the tenant; for before entry he cannot maintain an action for trespass against the tenant by sufferance *as he might against a stranger;* and the reason is, because the tenant being in by lawful title, the law, which presumes no wrong in any man, will suppose him to continue upon a title equally lawful, unless the owner of the land, by some public and avowed act, such as entry is, will declare his continuance to be tortious. (2 Blk. Com. 150.)

Further: section thirteen, as amended by the Act of 1862, assumes the rule of the common law to be as above stated; for it provides that when a tenant holds over after the expiration of his term, that a demand for delivery of possession "may be made at any time within a year after the termination of the lease;" and if demand is so made, that thereupon the lessor may proceed to expel the tenant. The only change made in the common law by the Act of 1862 lies in the fact that it dispenses with formal entry and substitutes therefor a written demand.

The complaint does not show any renewal of the lease in terms, nor does it show a state of facts from which the law will intend a renewal, binding alike upon both parties. It does not state that the plaintiff received rent, neither does it state any other fact raising a presumption in law that the lease had been renewed; nor does it disclose facts amounting to an estoppel *in pais;* and if the fact that the plaintiff omitted for the period of eight months to make a formal demand for a delivery of the premises, imports that, *ad interim,* the defendant was in possession by license or acquiescence on the part of the plaintiff, still the license was a revocable one under the adjustments of the Act of 1862, and was revoked, in fact, by

the formal demand alleged, made, as it was, within the time which the Act prescribes.

II. The appellant further insists that the Court erred in refusing to admit evidence tendered by him in support of a special defense alleged in the answer.

The defense, as stated in the answer, is as follows : " The defendant avers that said plaintiff agreed to and with said defendant, on or about the first day of December, 1861, that he, said defendant, should and might have the possession of said premises for one year ending October 1, 1862 ; and to pay as rent therefor two dollars per acre ; said rent to be paid at the harvest season of 1862, in the event that the final survey and confirmation of said Rancho of Milpitas should include said premises. And it was also then and there agreed between said plaintiff and defendant that if said final survey and confirmation should be so made by the United States District Court in San Francisco as to exclude said premises and throw them without the boundaries of said rancho, then that said plaintiff would not ask or receive from said defendant any rent for said premises for said year ending October 1, 1862."

The counsel of the respondent justifies the ruling of the Court excluding the evidence tendered in support of this defense, on two grounds :

*First*—That the contract set up was executory in its character.

*Second*—That the defense was inconsistent with other defenses asserted in the answer.

It may be admitted that the contract was executory in its character, still it vested in the defendant, *in presenti*, a right to possess the lands until October 1, 1862, and a right in the plaintiff to the stipulated rent, subject only to the contingency named in the contract. It was not an agreement for a lease to be executed before the defendant could possess his term, but was itself a lease in legal effect, and not executory in any sense except in the sense in which all leases are executory : that is, the right created by it remained to be *enjoyed*.

As to the second position taken for the respondent in sup-

port of the Court's ruling, it is fully met by the decision in *Klink* v. *Cohen*, 13 Cal. 623 : " If inconsistent defenses are set up, the defect must be reached by motion to strike out, or in some cases by demurrer ; and if no objection be taken to the answer on this ground, defendant, on the trial, may rely on any of his defenses, as under the old system."

Judgment reversed and cause remanded.

Mr. Justice RHODES, having been of counsel, did not sit on the trial of this case.