CHRISTIAN J. MEGERLE, Respondent, v. RICHARD P. ASHE et al., Appellants.

No. 1635; January 31, 1871.

**Public Lands—Filing Plat.**—In Actions Involving Rights of Holders under the United States land laws, the transmission of the plat to the register by the surveyor general on a day named and its reception by the register on the succeeding day, together with the publication by the register and receiver in a public journal of a notice to settlers, requiring them to file their declaratory statements, are facts sufficient for a jury finding fixing the time when the plat was officially filed.

**Public Lands—Pre-emption—Warrant for School Land—Patent.** If it is proved that a plaintiff had all the qualifications of a pre-emption claimant, had filed his declaratory statement within three months after the official filing of the plat, had taken the other necessary steps to pre-empt the premises, and had procured the issue of a patent to himself, it is immaterial whether warrants for school lands in the defendant's name were properly located or not, or whether the patent was duly issued.

**Ejectment—Prima Facie Case.**—In an Action of Ejectment a plaintiff who has in his complaint made all the necessary averments may, at the trial, rest after putting in his proof of title, if the defendant has in his answer first denied everything contained in the complaint and then admitted possession, but not as a distinct defense.

**Judgment—Absence of Service or Appearance.**—Judgment may not be had against a defendant not served with process and who has not appeared in the action.

APPEAL from Fifth Judicial District, San Joaquin County.

G. W. Tyler for respondent; Patterson, Wallace & Stow for appellants.

See Megerle v. Ashe, post, p. 756; 33 Cal. 74; 47 Cal. 632.

RHODES, C. J.—On the last appeal in this action (33 Cal. 74), the only evidence of the time when the township plat was returned to the register's office at Marysville was an unsigned indorsement: "Filed December 5, 1855, Marysville Land Office"; and as both parties regarded the plat as having

been returned to that office, it was held that that indorsement was evidence—though slight—of the time when it was returned. On this appeal the record contains further evidence on that point. The parties stipulated that on the 4th of December, 1855, the surveyor general did officially transmit to the register the plat; and that on the 5th of December, 1855, the register received the plat at his office—the plaintiff reserving all legal objections as to the effect of these facts. And it was also stipulated that in February, 1856, the register and receiver at Marysville published in a newspaper, at that place, a notice to settlers in that township, requiring them to file their declaratory statements on or before the 15th of May, 1856—the defendants reserving the right to object to the admissibility of the notice as evidence. The parties renewed their objections to the respective stipulations when they were offered in evidence. The jury found that the plat was returned to and filed in the land office on the fifteenth day of February, 1856. There is no valid objection to the admissibility of the facts recited in the stipulations. The publication of the notice was regarded by the Secretary of the Interior as establishing the date of the official filing of the plat in the land office—as appears from his opinion, which is contained in the transcript in this case. The act of Congress of March 3, 1853, provides that the declaratory statement must be filed within three months after "the return of the plats of the surveys to the land offices." It could not have been intended by the act that settlers should be required to take notice of the return of the plat to the land office, before it was filed by the register, or, in some manner, kept in his office, so that persons, who might be affected by notice of its "nature" could have access to it as an official document belonging to his office. The Secretary of the Interior, in the opinion above referred to, does not seem to regard the return of the plat by the surveyor general as a full compliance with the act, but that an official filing of the plat by the register was requisite; and he regards the notice, which was directed to the persons who were to be affected by the filing of the plat, as fixing the time when it was officially filed by the register. There was, therefore, evidence tending to sustain the special finding of the jury, in respect to the time at which the plat was returned and filed. The plaintiff's declaratory statement

was filed within three months after that time; and it is shown that he possessed the qualifications of a pre-emption claimant. As he took the necessary steps to pre-empt the premises, and has procured a patent to be issued for the land, it becomes unnecessary to consider whether the school land warrants, introduced in evidence by the defendants, were properly located, or whether the patent was duly issued, or whether the court erred in its rulings or instructions in respect to those matters.

It is proper here to advert to an assertion of the plaintiff's counsel, lest our silence should be construed as an admission of its correctness. After saying that it may be, that if the defendants had introduced their state patent, the court would have presumed that the requisite steps had been taken to entitle the patent to issue, he asserts that ''this court has held that a United States patent affords no such presumption.'' No case is cited as laying down that doctrine. I know of no case in this court in which the points decided or the arguments advanced in support of the decision, or even the language employed in the opinion, furnishes a shadow of support for the assertion.

On the trial the plaintiff introduced his patent and rested; and, thereupon, the defendants moved for a nonsuit, on the ground that the plaintiff had not shown that either of the defendants were in possession of the premises, at the commencement of the action, and the nonsuit was refused. The pleadings are not verified. There is no answer on the part of Ashe. Van Syckle and Flanders, by their answer, deny each and every allegation of the complaint; and deny that the plaintiff is or was seised or entitled to the possession of the premises; they also admit that they are in possession of all the premises, except a tract of about eight acres, and aver that they are lawfully and rightfully in possession thereof, and deny that they are in possession of the eight acre tract; and they deny that they are in possession of any part of the premises, except the portion already admitted to be in their possession; and they deny that the plaintiff is seised or entitled to the possession thereof; and they aver that Ashe is seised in fee thereof, and that they are in possession as his tenants. The denials are in the disjunctive, both as to person and time. It thus appears that there are no matters alleged

in the answer which the defendants might not have proved under their general denial. They were entitled to show that the plaintiff was not, but that Ashe was, seised in fee, and that they were his tenants of all of the premises, except the eight acre tract, as well without as with an averment of these facts. The admission of their possession is not coupled with, nor does it form a portion of, a distinct defense to the cause of action. They cannot, therefore, avail themselves of the rule in Youngs v. Bell, 4 Cal. 202, Klink v. Cohen, 13 Cal. 623, Bell v. Brown, 22 Cal. 672, and Uridias v. Morrell, 25 Cal. 36, that an admission of a fact which constitutes a portion of a distinct offense, but which is denied in another defense, will not be deemed and taken as an admission, so as to dispense with proof of such fact. The repetition of a portion of the denial of all the allegations of the complaint, by averring that the plaintiff is not seised of a certain portion of the premises, because defendant Ashe is seised thereof, or that the plaintiff is not entitled to the possession, because they are entitled to the possession as the tenants of Ashe does not constitute a distinct and separate defense, but is only a portion of the general denial diluted; nor are those allegations converted into separate defenses, by their being coupled with an admission that they are in possession of such portion of the premises. The plaintiff was entitled to avail himself of that admission on the trial. In the motion for a nonsuit the ground was not taken that there was no proof that the defendants were in possession of the eight acre tract. The motion as to Van Syckle and Flanders was properly denied.

The judgment as against Ashe cannot be sustained, because he was not served with process, nor was his appearance in the action entered, nor was an answer or demurrer filed on his behalf.

None of the remaining points presented by the defendants relate either to the question of possession of the premises by the defendants, or to the question upon which the case mainly hinges—that of the time of the filing of the township plat—and they need not be considered; for there is no room to doubt that the plaintiff acquired the title to the premises if he filed his declaratory statement in time, which the jury, in effect, found when they found that the plat was filed February 15, 1856.

Judgment against Ashe reversed, and judgment against the other defendants affirmed.

We concur: Temple, J.; Sprague, J.

I dissent: Crockett, J.