[No. 2,541.]

## HANS H. BUHNE *v.* JOSEPH CORBETT, WALTER CUTLER, AND E. H. PINNEY.

EJECTMENT—FAILURE TO SHOW POSSESSION IN DEFENDANT GROUND OF NONSUIT.—In an action of ejectment, where defendants in their sworn answer denied being or having been in possession, though in another defense, separately pleaded, they set up that they were in charge of a lighthouse on the premises as the employés of the United States; and on the trial plaintiff, relying upon the answer to show possession, offered no evidence to show the possession of defendants: *Held*, that a nonsuit for failure to show possession in defendants was correct.

NEITHER OF TWO INCONSISTENT DEFENSES TO BE DISREGARDED.—Though two defenses, separately pleaded under section forty-nine of the Practice Act, may be inconsistent, the plaintiff cannot disregard them, or either of them, on the trial.

SEPARATE DEFENSES MAY BE INCONSISTENT IF ANSWER IS NOT SWORN UNDER OATH.—A separate plea or defense should not contain matters repugnant or inconsistent in themselves; but a defense regarded as an entirety is not to be defeated or disregarded merely because it is inconsistent with some other plea or defense pleaded; and there is no distinction in this respect between verified and unverified pleadings.

APPEAL from the District Court of the Eighth Judicial District, County of Humboldt.

The facts, bearing upon the points decided, are stated in the opinion.

The plaintiff claimed under a location of a school land warrant upon the property and a patent therefor from the State, and appealed from a judgment of nonsuit.

*Buck & Stafford* and *Coffroth & Spaulding*, for Appellant.

It is said that we cannot take advantage of an admission in the sworn answer of defendants, without admitting all affirmative matters set up therein in avoidance. We are constrained to deny the truth of the proposition, and consider the reverse of the rule laid down too well established for argument.

That defendants were in possession and claimed a right to

keep plaintiff out of possession of the premises, and that the answer admits these facts, cannot be questioned, if the English language can be made to say so. The quibble of the defendants is, that the United States, though not a human being nor capable of going on the land in person, is actually in possession by defendants as her servants; that defendants are merely the embodiment of the government. That they were there and that a part of them are there now, keeping plaintiff from taking possession of his property, defendants do not deny. They say, however, that a person in occupation of land is not necessarily in possession; and that ejectment must be brought against the *terre tenant.*

*L. D. Latimer,* for Respondent.

The plaintiff failed to show possession in the defendants. He relied solely upon what he termed admissions in the answer. I submit that the answer does not admit such possession. But if it be held that it does admit possession, then I say the character of the possession is not such as will authorize the maintenance of the action of ejectment against defendants. It is not disputed that the action of ejectment must be brought against the person in possession; but it does not follow because one is in occupation of land that he is in possession, within the meaning of the term as used in the law of ejectment. A mere servant or employé is not in such possession; his occupation is the possession of his employer. (*Hawkins* v. *Reichart,* 28 Cal. 537; *Satterlee* v. *Bliss,* 36 Cal. 514.)

Whatever possession defendants may have is not their possession but that of the United States. And if a judgment should be obtained it would be fruitless—the United States would not be bound by it; and it would, no doubt, be considered her duty, required for the public good, to place

other keepers in charge should the present ones be removed under a writ of restitution.

By the Court, Wallace, C. J.:

This action was brought to recover the possession of a tract of land situate in the County of Humboldt. The pleadings are verified. The complaint alleges that the plaintiff is the owner in fee of the premises which are described, and that the defendants "on the 2d day of February, 1870, entered into the possession of the demanded premises above described, and have ever since and still do unlawfully withhold the possession thereof from the plaintiff," etc., concluding with the usual prayer for judgment. The answer is as follows:

"Now comes Joseph Corbett, John Doe (Walter Cutler), and Richard Roe (E. H. Pinney), defendants in the above entitled action, and answering the complaint of the plaintiff herein, on their information and belief deny that on the 1st day of February, 1870, or at any other time, the plaintiff was or now is, or ever has been the owner of, or seized in fee, or entitled to the possession of the tract of land described in said complaint, or any part thereof; and deny that on said day, or any other time, the defendants entered into the possession of the same, or any part thereof, or that they ever withheld, or now withhold the possession of the same, or any part thereof from the plaintiff. Further answering, the said defendants aver that from the year A. D. 1848, down to the 23d day of May, A. D. 1867, inclusive, the tract of land described in the plaintiff's complaint was public land of and belonging to the United States, and that on the day last · named, and prior thereto, by orders of the President of the United States, one bearing date of that day and another prior thereto, and in due course of law, the said lands, and the whole thereof, were reserved to the United States for light-

house purposes, and from thence hitherto have remained, and still do remain so reserved for the purposes aforesaid; and that during all of said time, from the year 1848 hitherto, the United States has been and still is the owner in fee and seized of said land and every part thereof.

"That from the 23d day of May, 1867, hitherto the United States has continuously occupied and possessed said lands for lighthouse purposes aforesaid, and has erected a lighthouse and light, and other improvements thereon, for the protection and safety of ships and other vessels navigating the waters of the Pacific Ocean, at an expense of about one hundred thousand dollars.

"That the said defendants are the keepers of the light and lighthouse aforesaid, employed for that purpose by the said United States at stipulated wages, and that they are, as such keepers, the mere servants and employés of the said United States, subject at any and all times to the orders, directions, and commands of the said United States and certain of the officers thereof, and to be discharged and removed from such service and employment.

"That as such lighthouse keepers, and under and in obedience to the orders, directions, and commands of the said United States and officers, these defendants, as such servants and employés for the year last past, have been and still are in the temporary charge of the light and lighthouse buildings on said land for the sole purpose of keeping the light burning at proper times, and keeping the same said lighthouse building in proper repair, all in performance of and in obedience to the duties of keepers as aforesaid, as the same are regulated and prescribed by the said United States and officers.

"The said defendants further aver that they do not now, nor have they ever claimed or had any interest in said land or improvements, or any part thereof; and that from the time of the reservation aforesaid the United States by and

through these defendants and other of its servants and employés, has continually been and still is in the sole and exclusive possession and occupation of the said land and improvements, and every part thereof.

"Wherefore the defendants pray that they be hence dismissed, and that they may have judgment against the plaintiff for costs of suit."

At the trial the plaintiff offered no evidence whatever touching the alleged fact of the possession of the defendants, and, on motion of defendants, a judgment of nonsuit was rendered, on the ground "that the plaintiff has not shown the defendants to have been in the possession of the said premises at the commencement of this action, or at any other time;" and from that judgment this appeal is brought.

We are of opinion that the nonsuit was correct upon the pleadings.

The Practice Act (Sec. 49) provides as follows: "The defendant may set forth by answer as many defenses and counterclaims as he may have. They shall each be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished."

It will be observed that the answer here, in the first defense set forth, distinctly denies "that on said day, or any other time, the defendants entered into the possession of the same, or any part thereof, or that they ever withheld, or now withhold, the possession of the same, or any part thereof, from the plaintiff;" and while it is possible that, under the strict rules applicable to verified answers, an objection might have been made to the sufficiency of this denial in a single particular, none such was, in fact, made below, nor has any been pointed out here.

After this denial the defendants, "further answering," make certain affirmative averments, in the course of which

they set up that they are in charge of the lighthouse on the premises as the employés of the United States, etc.; and it is upon the effect of these averments in pleading that we understand the plaintiff to claim that he was relieved from the necessity of proving that the defendants were in possession at the time the action was commenced.

1. Assuming that the defenses, as thus pleaded, were inconsistent upon the point of the possession of the defendants, it would not follow that the plaintiff would be at liberty to disregard them, or either of them, at the trial. If he desired to present that question, he should have moved to strike out the one or the other, or applied for an order compelling the defendants to elect as to which particular one of them they would rely upon. (*Klink* v. *Cohen*, 13 Cal. 623; *Uridias* v. *Morrill*, 25 Cal. 31.)

2. But even had he by motion presented the question of the supposed inconsistency of the several defenses in the answer, we think that it would not have availed him. A party defendant in pleading may plead as many defenses as he may have. If a plea or defense separately pleaded in an answer contain several matters, these should not be repugnant or inconsistent in themselves. But the plea or defense regarded as an entirety, if it be otherwise sufficient in point of form and substance, is not to be defeated or disregarded merely because it is inconsistent with some other plea or defense pleaded. And there is no distinction in this respect between pleadings verified and pleadings unverified. (*Bell* v. *Brown*, 22 Cal. 672; *Wilton* v. *Cleveland*, 30 Cal. 192.)

We are, therefore, of opinion that the judgment must be affirmed, and it is so ordered.