[No. 14896. Department Two. — October 29, 1892.]

## HERMAN STARK, RESPONDENT, *v.* CHARLES WELL-MAN, APPELLANT.

MISJOINDER OF CAUSES OF ACTION — LOSS OF MONEY THROUGH NEGLIGENCE OF BAILEE — CONVERSION — DEMURRER — PREJUDICIAL ERROR. — A cause of action for damages for negligence of the defendant in not taking due and proper care of a sum of money delivered to him at his request, of which he agreed to take proper care, but lost it through his gross carelessness, negligence, and improper conduct, and failed to redeliver it upon demand, is a cause of action for breach of contract, and cannot be joined with a cause of action for the conversion of the money to the use of the defendant, and the overruling of a demurrer for such misjoinder is prejudicial error.

ID. — AMENDMENT OF COMPLAINT AT TRIAL — FILING AMENDMENT AFTER JUDGMENT — ERROR WITHOUT PREJUDICE. — Where the plaintiff was permitted at the trial to amend the statement of his second cause of action by adding that the money claimed in that count was the identical money claimed in the first count, the fact that the amendment was not actually made and filed until after the verdict and entry of judgment is error without prejudice, such amendment being immaterial, and it appearing that the case was tried with reference to it.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*E. W. Wilson*, for Appellant.

*J. F. Coonan*, and *D. Sevier*, for Respondent.

TEMPLE, C. — This case presents only the question whether different causes of action have been improperly united in a complaint.

It consists of two counts, or separate statements of two causes of action. The first charges that plaintiff delivered to defendant, at his special instance and request, a package containing $650 in coin, in consideration of which defendant undertook and agreed to take due and proper care of it, and to redeliver the same to plaintiff on demand; that defendant did not take due and proper care of said package, but so carelessly conducted himself with respect thereto, that it was lost through his gross

carelessness, negligence, and improper conduct, and that he failed to redeliver the same on demand; wherefore plaintiff demanded judgment for damages.

In the second cause of action it is averred that on a day named plaintiff was the owner and entitled to the possession of a certain package of coin worth $650, which, being in the possession of defendant, he converted to his own use, etc.

A special demurrer was interposed to this complaint, specifically objecting to the joinder, on the ground that the first is a cause of action for the breach of a contract, and the second is founded upon a tort.

Respondent contends that both sound in tort; that the first is for a breach of a duty imposed by law, and not for the violation of a contract obligation. This contention cannot be sustained. It is true, the owner of property injured by the tortious act of another may sue for the injury in tort, without noticing a contract with the wrong-doer, of which the wrongful act is a violation. (Shearman and Redfield on Negligence, sec. 22.)

But there can be no question that he may sue for the breach of his contract, as was done in this case. The duty which the defendant is charged with having violated is expressly derived from the contract.

The cause of action averred in the second count is a conversion of personal property.

These two causes of action cannot be joined under section 427 of the Code of Civil Procedure, and it was error for the court to overrule the demurrer interposed on that ground. Whether the error was prejudicial is the only question remaining.

It would be going a great way for this court to say that one is not injured by being sued in a mode not only not authorized, but, if he object, expressly forbidden, by the statute. How can we say that he may not be able more conveniently and successfully to defend a single action than two, — one for breach of contract and the other for injuries resulting from a tort? The issues would be more simple, he would have fewer questions to

try, and would know exactly what was required. The rule here, of course, is, that the court must be able to see that injury *has not* resulted, not that we cannot see that injury *has* resulted.

And again, how can we know that · defendant had no counterclaim arising upon some other contract? If he had, the count upon the tort would prevent its being set up. It does not appear that there was any such claim. But as it could not be set up, it could not appear. And as already said, the rule does not require that injury should be shown. That is presumed from error, unless the court can see that it could not have been injurious.

It is suggested here that a set-off might have been set up against the count on the breach of contract. If it could be, necessarily, complications would arise from the diversity of claims, and in case of a verdict for a lump sum, it could not be known what cause of action was considered well founded, or whether defendant would be entitled to set off his claim.

The classification of causes of action which may be united under section 427 of the Code of Civil Procedure, while intended to be founded upon manifest reason, is nevertheless to some extent arbitrary, and differs materially from that which prevails in most states.

In nearly all, for instance, causes of action arising out of the same transaction, or transactions connected with the same subject of action, may be united. Had this been in our code, it would have authorized the joinder of the causes of action in this case. It was in the code from which it is supposed ours was copied, and if so, was, of course, designedly omitted. This court may possibly think the rule which prevails elsewhere preferable, and that if the lower courts follow such rule no one would be injured, and thus section 427 of the Code of Civil Procedure might be practically repealed under section 475.

At the trial, plaintiff was permitted to amend the statement of his second cause of action by adding that the $650 claimed in that count was the identical $650

claimed in the first count. Although plaintiff announced that the amendment would be made, the amendment was not actually made until after the verdict and the entry of judgment. This is assigned as error, and the ruling is brought here by a bill of exceptions. But here, I think, we can plainly see that the defendant was not injured, and the difference between this case and the one first stated happily illustrates the rule by which to determine whether an error was prejudicial. In regard to the first, there may be matters of which we are unadvised, and it may have affected the policy of the defense. Here we know that the proposed amendment did not and could not have benefited the plaintiff or injured the defendant. It did not change the character of the complaint in any respect. But if its effect had been to help the complaint, the defendant still was not injured, for he tried his case with reference to it, and was not prejudiced by the fact that it was not reduced to writing until afterwards.

I think the judgment should be reversed, and the court below directed to sustain the demurrer.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to sustain the demurrer to the complaint.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.