[Civ. No. 3631. Third Appellate District.—November 21, 1928.]

ECONOMY HOME BUILDERS, INC. (a Corporation), Appellant, v. THOMAS BERRY et al., Respondents.

I. Henry Harris for Appellant.

Frank R. Carrell and Dana R. Weller for Respondents.

FINCH, P. J.—The plaintiff brought this action to recover damages for alleged breach of contract to sell it 10 acres of land, which, together with two adjoining tracts, it planned to subdivide and sell as city residence lots. In addition to answering the allegations of the complaint, the defendants filed a cross-complaint to quiet their title to the land. Judgment was entered in favor of the defendants, quieting their title and denying any relief to the plaintiff. The plaintiff has appealed. The appellant did not file a reply to the respondent's brief or appear at the time fixed for oral argument, and the appeal was ordered submitted on the plaintiff's opening brief and the respondents' reply thereto.

December 19, 1923, L. M. Moore, acting for and on behalf of the plaintiff, entered into an agreement with the defendants, evidenced by contemporaneous escrow instructions, by the terms of which the defendants agreed to sell and convey to the plaintiff, within 30 days from the date thereof, the land in question for $33,750, of which $5,000 was to be deposited in escrow, together with plaintiff's two promissory notes, one for $14,375 payable in 90 days and the other for $8,375 payable in 180 days. The property was to be taken subject to a trust deed given to secure a note in favor of Carrie A. Culler, on which there was an unpaid balance of $6,000, which the plaintiff agreed to pay. Time was expressly made of the essence of the contract. The plaintiff deposited in escrow, in lieu of a cash deposit, a check for $5,000 drawn by M. McManus on a bank in Maine. The escrow-holder forwarded the check for collection and it was returned marked "No account." The plaintiff was given immediate possession of the land, and it proceeded to subdivide it, in connection with said two adjoining tracts, and to make improvements thereon. The trial court found:

"That plaintiff, or the said L. M. Moore, neglected and failed to pay the said sum of $5,000, . . . and on or about January 29th, 1924, . . . the said agreement to purchase was amended and modified in these respects only: The time limit for performance of the terms of said agreement was

extended from January 19th, 1924, to February 19th, 1924, and the said promissory notes and trust deed securing the same were dated January 19th, 1924, instead of December 19th, 1923.

"That plaintiff, or the said L. M. Moore, failed and neglected to pay the sum of $5,000 upon the purchase price of said real property . . . on or before February 19th, 1924, and on said last-mentioned date the said agreement of purchase was again modified as follows: Defendants agreed to accept, and plaintiff agreed to pay as a down payment for said real property, the sum of $2,000 and the further sum of $500 on or before May 19th, 1924, and the balance by executing to defendants two promissory notes for $12,625 each, one payable on July 3rd, 1924, and the other payable on August 20th, 1924, with interest at 7 per cent per annum quarterly, from February 19th, 1924, and secured by second trust deed upon said premises, subject only to a prior trust deed in favor of Carrie A. Culler, having an unpaid balance of $6,000, which plaintiff agreed to assume and pay in accordance with its terms, with interest from February 19th, 1924, . . . and on said February 19th, 1924, escrow was made at the Title Insurance & Trust Company, Los Angeles, California, in accordance therewith; and defendants executed a good and sufficient grant deed conveying the title to said real property to plaintiff, and deposited the same in said escrow for delivery to the plaintiff upon the performance by plaintiff of the terms of the aforesaid agreement to purchase, and of the terms of said escrow.

"That plaintiff or the said L. M. Moore, failed and neglected to pay the said sum of $500 . . . on or before May 19th, 1924, . . . and on or about June 9th, 1924, defendants again consented and agreed to an extension of the time limit for performance of the terms of said contract and of said escrow from May 19th, 1924, to July 3rd, 1924, upon the payment to them by the plaintiff of the said sum of $500 upon said purchase price, and interest thereon to May 19th, 1924; to which plaintiff consented and agreed, and the escrow instructions were modified accordingly.

"That on or about the 11th day of June, 1924, a payment upon said trust deed in favor of Carrie A. Culler in the sum of $2,500 became due and payable, and defendants

notified plaintiff thereof; that the plaintiff, or the said L. M. Moore, failed and neglected to make said payment on said trust deed, . . . and defendants were obliged and compelled to make, and did make, said payment in order to protect their interest in said property, and to avoid foreclosure proceedings thereon.

"That plaintiff, or the Title Insurance & Trust Company, for plaintiff, did not deliver or offer to deliver to defendants the promissory notes for $12,625 each, as aforesaid, secured by trust deed, together with certificate of title in accordance with said agreement, and the same were never delivered or tendered to defendants, or either of them, and the said Title Insurance & Trust Company, escrowee, as aforesaid, was unable to comply with, and did not comply with the terms of said escrow on or before July 3rd, 1924, by reason of plaintiff's said default; and in addition thereto, plaintiff allowed and suffered several mechanics' liens, attachments and other instruments affecting the title to said real property to be filed and recorded. That on July 5th, 1924, . . . defendants declared the said agreement to purchase terminated and at an end, and in accordance with the terms of their said escrow instructions, as approved by plaintiff, demanded in writing of the Title Insurance & Trust Company the return to them of the deed theretofore executed and delivered into said escrow, and on said date the said deed was returned and delivered to defendants.

"That at all times during the life of said agreement . . . defendants were ready, able and willing to perform, and did perform, all the terms, conditions and requirements of said agreement for sale by them to be performed, and complied with all the terms and requirements of the said escrow, . . . and acted in good faith throughout the entire transaction."

The court further found that "plaintiff entered into contracts with prospective purchasers for the sale of lots in said tract, and for the erection of houses and furnishing the same, and collected large sums of money from such purchasers, a portion of which sums so collected was used in the construction of houses and other improvements upon the property of these defendants; that no money of the plaintiff was used either in paying the purchase price of the property to the defendants or in placing the improvements upon

said property, except such as was collected from the purchasers of lots in the proposed tract, with the exception of the sum of $1,500. . . . That the officers and promoters of the plaintiff corporation also withdrew from the moneys received by plaintiff from purchasers of lots sums aggregating in excess of $7,000, and used the same for their own purposes.''

Appellant attacks this last finding on the ground that it is ''directly opposed to the statements of the defendant Berry'' to the effect that he had received certain moneys from the plaintiff. There appears to be no inconsistency between the statement and the finding, because the moneys paid to Berry may have been received by plaintiff from the sale of lots, but the finding need not be further considered, as the other findings, which are fully justified by the evidence, are sufficient to support the judgment.

It is contended that the finding that the ''plaintiff agreed to pay the Culler trust deed is contrary to the evidence, in that it appears from the escrow agreement . . . that the plaintiff herein was to take the land subject thereto.'' The defendant Thomas Berry testified that the plaintiff promised to make the payment promptly which was to become due June 11th, and there is no contention that plaintiff paid the same at any time or tendered the defendants the amount they were compelled to pay on account of the plaintiff's failure in this respect. ''It is well settled by the authorities that an agreement to assume and pay a mortgage is not inconsistent with a deed reciting that the property is granted subject to a mortgage. Consequently such an agreement may be shown by parol evidence.'' (*White* v. *Schrader,* 185 Cal. 606, 607 [21 A. L. R. 499, 198 Pac. 19].) The plaintiff is in no position to complain that the finding in question is not supported by the evidence, because the complaint alleges that it agreed to take the land subject ''to the unpaid balance of $6,000 principal of a trust deed for $8,500 . . . which was then an incumbrance on said land which plaintiff assumed and agreed to pay to the extent of the unpaid balance of $6,000.'' The answer of the defendants also alleges that the plaintiff agreed to pay this unpaid balance. Any finding contrary to a fact alleged by both parties would be of no effect. (*Welch* v. *Alcott,* 185 Cal. 731, 754 [198 Pac.

626]; *Coulter Dry Goods Co.* v. *Wentworth*, 171 Cal. 500, 507 [153 Pac. 939]; *Robison* v. *Mitchel*, 159 Cal. 581, 591 [114 Pac. 984]; *DeLeonis* v. *Walsh*, 140 Cal. 175, 182 [73 Pac. 813]; *Gamache* v. *South School District*, 133 Cal. 145, 147 [65 Pac. 301].)

Prompt payment of the installments as they fell due under the Culler trust deed was necessary for the protection of the defendants' title. Plaintiff not only failed to make payment thereof but failed to reimburse defendants for the payment made by them or to deposit the amount thereof in escrow. Under such circumstances, the defendants were not required to proceed further.

The defendant Thomas Berry testified that on July 3d Moore said "he couldn't give the trust deed with a clear title on account of the liens and attachments," and that, later in the day, "he said he believed he would have to let the thing go." The foregoing evidence, read in the light of the plaintiff's repeated failures to comply with the terms of the contract, as they were modified from time to time, fully warrants the finding that the Title Insurance & Trust Company was unable to comply with the terms of the escrow by reason of the plaintiff's default.

Appellant contends that Mr. Berry prevented it from successfully carrying out its sales campaign by disparaging its good faith and financial standing in his conversations with purchasers of lots; "that he then and there intended to prevent the plaintiff realizing on its option contracts, and made every possible effort to frustrate its sales campaign." Plaintiff introduced evidence tending to show the truth of this charge, but the defendant Berry contradicted such evidence in so far as it tended to prove him in fault, and the court found against the contention. It may be said further that the complaint presents no such issue.

Other points made by the appellant are not deemed of sufficient merit to require discussion. It clearly appears from the evidence that the plaintiff had embarked upon an undertaking which it was financially unable to carry out and, by reason of its failure to comply with the terms of the contract between the parties, the defendants rightfully refused further extensions of time.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.