[Civ. No. 9224. Second Appellate District, Division Two.—February 21, 1935.]

W. D. BEATTY, Respondent, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant.

John L. Mace and Arch R. Tuthill for Appellant.

Robert F. Shippee, D. F. Wisdom and Silverberg & Gilford for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from a judgment for money, founded on a verified complaint containing two separate causes of action. In the first cause respondent alleged that he sold to appellant for $2,500 two notes, each secured by a trust deed, with a written option to repurchase within a specified time, which option agreement, made a part of the complaint and marked "Exhibit A", was breached by appellant to his damage in the sum of $6,312.16. In the second cause he alleged that he borrowed $2,500 from appellant and assigned the same notes and trust deeds as security for its repayment, which appellant agreed, in the writing marked Exhibit "A", to reassign and deliver upon payment of the said sum with interest within a certain time. He further alleged "that while said written agreement as shown by exhibit 'A' purports to be an absolute sale, in truth and in fact said promissory notes and deeds of trust securing the same were assigned and delivered to appellant by respondent merely as a pledge for the payment of said loan with interest, which might be redeemed at any time up to 5 o'clock p. m. the 20th day of November, 1932, that being the intention and understanding of the parties"; that he offered to redeem and demanded said notes and trust deeds on October 7, 1932, which offer was rejected and which demand was refused; that appellant had converted said notes and trust deeds to its own use, and that because thereof respondent had been damaged in the sum of $6,312.16.

In its answer appellant denied that respondent sold said notes and trust deeds to it, and also denied the other allegations of the first cause of action above referred to. As to the second cause, by failing to deny, appellant admitted all the allegations relating to the loan and pledge and the character and purpose of the agreement marked "Exhibit "A". It also admitted it agreed to reassign the notes, but denied that it agreed to reassign the trust deeds, and denied all other allegations in the second cause above referred to.

Upon these pleadings and the evidence the court found that respondent "sold, assigned and delivered" the notes and trust deeds to appellant, who agreed in writing to

resell them to respondent as provided in Exhibit "A"; that on February 11, 1932, appellant had caused default to be declared on said notes under accelerating clauses therein, and had caused sales to be made under trust deeds, at which appellant became purchaser for the sum of $1200 on each thereof; that as a result said trust deeds became of no value; that on October 7, 1932, respondent offered to pay the sum of $2,500 with accrued interest, and demanded the notes and trust deeds, but that such offer was rejected and such demand refused; that at such date and subsequently, respondent was ready, able and willing to comply with said agreement, but that appellant, after February 11, 1932, was not able or willing to perform the terms thereof by reason of said sales under the trust deeds; that said notes and trust deeds were reasonably worth the sum of $8,000; that the makers of the notes are insolvent, and that by reason of said sales said notes became of no value; that appellant is entitled to the sum of $2,500 and accrued interest, under said agreement. The court further found "that all the allegations contained in plaintiff's complaint are true and that the allegations and denials in the defendant's answer and in its amended answer are untrue or immaterial".

In its conclusions the court decided that appellant had breached the written contract; that it had no right or power to declare defaults on the notes and require a trustee's sale under the trust deeds; that it was the duty of appellant to hold itself ready at all times until November 20, 1932, to assign and deliver said notes and trust deeds in the same condition as when received; that the foreclosure of the trust deeds "was and is a conversion of said deeds of trust to the use and benefit of defendant, and was and is a breach of said agreement of November 20, 1932"; "that plaintiff is entitled to recover from the defendant as damages for such breach of contract and for the conversion of said deeds of trust" the difference between the sum of $8,000 with certain interest and the sum of $2,500 with accrued interest. Judgment was thereafter entered for the sum of $6,617.14, which correctly represents such difference.

From the judgment defendant has appealed, and contends that the findings are inconsistent and contradictory, that the evidence fails to support the finding that respondent sold

said notes to appellant, and that the conclusions are contrary to law.

■  At the outset of our consideration of the questions raised herein we are confronted with a complaint in which two causes of action are improperly joined.  For a cause of action for damages for breach of contract may not be joined with a tort action for conversion of personal property. (Code Civ. Proc., sec. 427; *Stark* v. *Wellman,* 96 Cal. 400 [31 Pac. 259].)  But such misjoinder may be attacked only by demurrer (Code Civ. Proc., sec. 430), and in the absence of such demurrer such defect is deemed to have been waived. There being no demurrer in the record herein, we must consider the complaint in the light of other rules applicable.

■  It is obvious that the two causes of action contain inconsistent and, indeed, antagonistic statements of fact, under verification.  It has, however, long been held that the causes of action arising out of one transaction may be separately stated in different ways, even though they are inconsistent with each other.  (*Stockton etc. Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565].)  And in one case at least it has been held that where two causes of action arose out of the same transaction, even though they were antagonistic, yet they could be pleaded in the same complaint, and an election may not be ordered in such case.  (*Cameron* v. *Ah Quong,* 175 Cal. 377 [165 Pac. 961].)  A clear and comprehensive statement of the rules applicable in cases of inconsistent causes of action is found in *Tanforan* v. *Tanforan,* 173 Cal. 270 [159 Pac. 709], wherein it is stated that our simplified method of pleading, which requires merely a statement of the ultimate facts, will not often render it necessary to a complaint to charge in inconsistent counts; but when for any reason the pleader thinks it desirable so to do, as where the exact nature of the facts is in doubt or where the exact legal nature of plaintiff's right and defendant's liability depend on facts not well known to the plaintiff, his pleading may set forth the same cause of action in varied and inconsistent counts with strict legal propriety; the plaintiff is entitled to introduce his evidence upon each and all the causes of action, and the decision as to which of them is sustained is, after taking all the evidence, a matter for the judge or jury.  Consistent with the rule thus announced and additional thereto, it had been previously held,

in the case of *Bell* v. *Brown*, 22 Cal. 671, that where the truth of a fact is directly averred in any part of a verified complaint, and in another part of the same pleading the same fact is directly controverted or denied, the party verifying it is guilty of perjury; for both cannot be true, and the averment which bears most strongly against the party so pleading will be taken as true upon the trial. The strict application of this statement as affecting antagonistic averments of fact in answers was limited in the later cases of *Buhne* v. *Corbett*, 43 Cal. 264, and *Banta* v. *Siller*, 121 Cal. 414 [53 Pac. 935], to averments of any single, separate defense, and was held not applicable to the whole of any answer which contains different, distinct and separate defenses. We do not think, however, that the rule permitting the pleading of inconsistent causes of action in the same complaint was ever intended to sanction the statement in a verified complaint of certain facts as constituting a transaction in one count or cause of action, and in another count or cause of action a statement of contradictory or antagonistic facts as constituting the same transaction. In short, the rule does not permit the pleader to blow both hot and cold in the same complaint on the subject of facts of which he purports to speak with knowledge under oath.

Under the rules above stated it became the duty of the trial court herein, upon the close of the evidence, to decide which of the antagonistic causes of action had been sustained, and in so deciding the court was required to take as true the averments in the complaint which bore most strongly against the pleader, and which were sustained by proofs either in the form of evidence or admissions of the pleadings.

The undisputed testimony of the respondent clearly revealed that the transaction in question was not one of sale of the notes and trust deeds with option to repurchase, but was one of loan, secured by a pledge of the notes and trust deeds with right to redeem. The admissions created by the averments of the second cause of action and the answer thereto were strictly in conformity with respondent's testimony and other corroborating evidence. Section 462 of the Code of Civil Procedure provides that every material allegation of the complaint not controverted by the answer must, for the purpose of the action, be taken as true.

Where a complaint contains allegations of fact which are distinctly and unqualifiedly admitted by the answer, there is no issue as to those facts. The allegations of facts being admitted, they are conclusive. If the court finds adversely to the admission, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. (*Welch* v. *Alcott*, 185 Cal. 731, 754 [198 Pac. 626]; *Economy Home Builders, Inc.*, v. *Berry*, 95 Cal. App. 106 [272 Pac. 307]; *Faulkner* v. *Rondoni*, 104 Cal. 140 [37 Pac. 883].)

The court found that respondent sold the notes and trust deeds to appellant with written option to repurchase. By its general finding that all the allegations of the complaint were true, it found that the transaction was not a sale but a loan with pledge of the notes and trust deeds as security, with written provision to redeem under conditions. This last finding is in accord with the admissions of the pleadings and with the undisputed evidence. It follows, therefore, that the finding that the transaction constituted a sale must be disregarded, and as a consequence the conclusions of the court based thereon must be held to be unsupported and contrary to the findings.

Upon the record, when the cause was submitted for decision the first cause of action based on the sale theory stood unsupported for the reasons above given, and the second cause stood on the admissions which determined that the transaction constituted a loan with pledge; and the only issues of fact to be determined under the evidence were whether appellant had committed any acts which amounted to conversion of the pledged property, and if so found, the amount of damage caused thereby. The court in that respect found that on February 11, 1932, appellant had without necessity accelerated the due dates on the pledged notes, caused default thereon to be declared and sales by the trustees under the respective trust deeds to be had. These acts the court concluded constituted a conversion of the trust deeds and a breach of the redemption agreement, and ordered judgment for the value of the notes and trust deeds less the amount of the loan indebtedness.

Under the facts as found by the court in respect to the declaration of default on the notes and sales under the

trust deeds, it was error to conclude that appellant had converted the trust deeds. As pledgee, appellant was forbidden by law to sell the notes pledged by respondent, but it was authorized to collect them when due. (Civ. Code, sec. 3006.) And being holder of the notes as pledgee, appellant had the right to exercise the option therein contained in the acceleration clause to declare the notes due for failure to pay interest according to the terms thereof. (*Patten* v. *Pepper Hotel Co.*, 153 Cal. 460 [96 Pac. 296].) Having declared the notes to be due, appellant had, in the absence of agreement to the contrary, the right to foreclose the security and become the purchaser; and if such is done, and no fraud is shown, appellant takes absolute title to the property and must account to respondent for the proceeds. (*Kelly* v. *Matlock*, 85 Cal. 122 [24 Pac. 642]; *Hoult* v. *Ramsbottom*, 127 Cal. 171 [59 Pac. 587]; *Johnson* v. *Mortgage Guarantee Co.*, 117 Cal. App. 416 [4 Pac. (2d) 208].) A collection on notes pledged as security, after default in their payment, may be had by foreclosure proceedings on mortgages given to secure them, and such action does not constitute conversion. (*McArthur* v. *Magee*, 114 Cal. 126 [45 Pac. 1068]; 21 Cal. Jur. 336.) But if the pledgee sells or releases the debt or security otherwise than upon collection, the pledgor may set aside the sale or release, if other circumstances permit, or hold the pledgee for conversion. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943].)

Whether the agreement of November 20, 1930, evidenced in part by exhibit ''A'', constituted a bar to sales under the trust deeds, we do not herein decide. Upon another trial, with issues properly joined in amended pleadings upon a cause of action for breach of the pledge agreement, evidence may be taken and decision may be made as to whether appellant is liable in damages for its acts in causing the sales to be made in violation of such agreement as established by evidence or is bound only, upon performance of the offer of October 7, 1932—which we conclude was a sufficient and valid offer of performance—to redeliver the notes and to account for collections thereon.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this decision.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1935.