GRANITE STATE BANK *versus* ENSIGN OTIS *& als.*

By R. S., c. 82, § 18, in all civil actions, if the defendant appears, he shall, at least fourteen days before the next term after his appearance, file with the clerk a brief specification of the grounds of his defence, with a declaration, signed by him or his attorney, that he believes there is a good defence to all or a part of the plaintiff's claim, and that he intends to make it.

This statute does not require that the several grounds of defence specified shall be consistent with each other.

The defendant may specify as many grounds of defence as he chooses.

It is not necessary that each several ground of defence should constitute a valid and sufficient answer to the declaration.

If there be one valid ground of defence specified, the defendant cannot be deprived of his right to a jury trial.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

ASSUMPSIT on two promissory notes, brought by the plaintiffs, as indorsees, against the defendants, as makers thereof.

The facts sufficiently appear in the opinion.

*Fessenden & Frye*, for the defendants.

*P. Barnes*, for the plaintiffs.

APPLETON, C. J. — The defendants filed brief specifications of the grounds of their defence, in which they allege that they never executed the notes described in the plaintiffs' writ, — that, if they did, said notes were without consideration, — that usurious interest was included in their amount, — that they were received in payment of an amount less than their face, — that this amount has been paid according to the agreement of the parties, — that the makers were not to be called on for payment, and that the plaintiffs were to rely on the indorsers, &c.

The presiding Judge, deeming these specifications "insufficient in law," ordered a default, to which order exceptions were seasonably alleged and allowed.

At common law, but one plea was permitted. The statute of Anne, c. 16, § 4, which is a part of the common law

of this State, enacts, that it shall be lawful for any defendant or tenant in any action or suit, or for any plaintiff in replevin in any Court of record, *with leave of the Court*, to plead as many several matters thereto as he shall think necessary for his `defence. *Little* v. *Blunt*, 13 Pick, 473. Under this statute, inconsistent pleas were allowed. An opinion was formerly entertained, that mere inconsistency between two given pleas was a decisive objection to their being pleaded together under the statute. But, if such a rule should prevail, the statute would, in a great measure, be practically repealed. "The object of the statute was *to enable the defendant to plead as many pleas* as he *chooses. * ** At this day, however, it appears to be generally understood, as a sound rule in the construction of the statute, that mere inconsistency, between two or more pleas in bar, is no objection to their being pleaded together." Gould on Pleading, c. 8, § 26. Thus *non est factum*, usury, infancy, duress and payment may be pleaded together. So, in trespass, not guilty, a justification and accord and satisfaction may be joined. "The books," remarks Mr. Justice WESTON, in *Gordon* v. *Pierce*, 11 Maine, 215,. "are full of double pleas, not to be reconciled with each other."

By R. S., 1857, c. 82, § 18, it is provided, "in all civil actions, if the defendant appears, he shall, at least fourteen days before the next term after his appearance, file with the clerk a brief *specification of the grounds of his defence*, with a declaration, signed by him or his attorney, that he believes there is a good defence to all or a part of the plaintiff's claim, and that he intends to make it." To this specification a demurrer may be filed. By the same section, at the trial, "*on leave*, double pleas may be filed."

It is urged that the several grounds of defence, set forth in the specifications filed by the defendants, are inconsistent. But no such restriction is imposed on the defendant, as that the several grounds of defence in the `specifications should be consistent with each other. He may specify as many as he chooses. He is not required to ask leave, as is the case

where several pleas are filed. No court is in session at the time of their filing. As, where several pleas are filed, inconsistency between them is allowable, much more is it, where the grounds of defence are to be informally specified, and the statute does not require that any leave of Court should be asked or given. The Court are not to require more than the statute.

Neither is it necessary that each several ground of defence should constitute a valid and sufficient answer to the plaintiff's declaration. Each ground of defence is to be looked at by itself. If sufficient, its sufficiency is not to be impaired nor destroyed by the fact that other and insufficient grounds of defence have been set forth in the defendant's specifications. If there be one valid ground of defence, the defendant is not to be deprived of his right to a jury trial.

The declaration, required by § 18, is properly signed and filed. It precedes the grounds of defence, as set forth in the specifications. The statute does not require that it should follow them. It contains all the statutory requirements, and we perceive no reason for adding thereto.

By statute, the general issue may be pleaded in all cases. If this was not done, the defendants had a right at any time to do it. *Exceptions sustained.*

CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.

DAVIS, WALTON and DANFORTH, JJ., dissented, and expressed their views in the following opinion drawn by

DAVIS, J.—There is no doubt that, at common law, a defendant might, by leave of Court, plead several pleas not consistent with each other. And there is a provision of statute to the same effect in this State. Such pleas may be made *specially*, or by way of brief statement in connection with the general issue. So that, before specifications of defence were required, it could seldom be determined from *the pleadings* what the defence would be; and a plaintiff

was obliged to anticipate every *possible* defence, in order to prepare for a trial of the case.

But it does not follow, because this was so at common law, and by statute formerly, that it is still so. On the contrary, it was to remedy *this very evil*, that the Act was passed requiring the defendant seasonably to put on file a specification " of the grounds of his defence." The object was to give the plaintiff notice of the points to be raised or controverted, in order that he might be able to prepare his case for trial.

It was *because* the pleadings would not give such notice that specifications of defence were necessary. And therefore it has been decided that specifications which do not give such notice, though they would have been sufficient as a *plea*, were insufficient as *specifications of defence*. *Hart* v. *Hardy*, 42 Maine, 196. As there may be several defences to a suit, so several may be specified. And several defences may actually be made that would be called *inconsistent, as pleas*. Thus, one might, in fact, *pay* a promissory note that he never signed, or a demand that he never promised to pay. Such defences may therefore, perhaps, be specified, as well as pleaded.

But if *two* or more defences are specified, *only one of which can possibly be made*, for the reason that the *proof* of one will necessarily *disprove* the others, the plaintiff cannot tell which, if either, will be made. Thus, to allege in the specifications that a promissory note in suit was never executed, and also that it embraces usurious interest, and that it was given without consideration, will give the plaintiff no notice of the defence; for *all* cannot be proved; and he will be unable to determine which will be attempted.

It may be said that a defendant cannot always tell beforehand which of two defences he can make. Such cases, though rare, may be possible. And so a defendant may not always be able to decide, in advance, whether he has any defence. But the statute requires specifications, nevertheless. And, if he is certain that he can defend on one

ground, or another, but he cannot tell which, and the two are inconsistent, he can elect which to specify; and if, at the trial, he finds that he is in error, he can obtain leave to amend. Cases are not infrequent in which defendants apply for leave to amend by specifying newly discovered grounds of defence. The power of the Court to allow amendments in specifications, as in pleadings, is sufficient to protect the rights of parties in exceptional cases, for which all loose rules of practice are always invoked. So far as the cause of action stated is definite and certain, unless we require equally definite specifications of defence, we give the statute no beneficial force. The printed forms used in some counties embrace nearly all possible defences, and, of course, more than are possible in any one case; and they are designed, like blanks for the money counts in a writ, to be used in all cases. Such specifications give no notice of defences really to be made, and amount to nothing. The only way to avoid this result is to require specifications to be made in good faith, sufficient, in each case, to give the plaintiff such notice of the defence as will enable him to prepare for trial.

What are *sufficient* specifications of defence is a question of law. In the case at bar, there are numerous grounds specified, only a part of which are possible to be made; and the plaintiff could not determine which to meet. He was in no better condition than if no specifications at all had been filed. The defendants had leave to amend, which they declined to do. Judgment was therefore properly ordered as upon a default.