[No. 5671.]
# E. L. BILLINGS *v.* M. M. DREW ET AL.

PLEADING.—Inconsistent defenses may be set up.

NEW MATTER.—A party does not waive the effect of a denial contained in one portion of his answer by setting up, in the appropriate manner, new or affirmative matter.

INSTRUCTIONS.—Where the defendant in an action to recover the possession of personal property, in addition to denying plaintiff's ownership, right of possession, etc., sets up, by way of affirmative defense, that the property was attached by him as Sheriff, and is now claimed by the plaintiff under a pretended and fraudulent sale, made for the purpose of hindering and delaying creditors of the attachment debtor: *held*, that an instruction to the effect that unless the defendant proved by a preponderance of evidence that the alleged pretended sale was in fact fraudulent, they should find a verdict for the plaintiff, was erroneous, in that it ignored the effect of the other denials of the answer.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The action is for the recovery of certain personal property. The defense relies upon attachment proceedings and fraud in plaintiff purchasing the property, for the purpose of hindering and delaying creditors.

The opinion states the other facts. Defendant appeals.

*A. C. Freeman* and *P. Dunlap*, for Appellants.

The answer sets up inconsistent defenses, and as a party is entitled to the benefit of inconsistent defenses, the instruction of the Court was erroneous.

An admission in one part of a pleading does not prevail over a denial in another part. (*Siter* v. *Jewett*, 33 Cal. 92; *Nudd* v. *Thompson*, 34 Cal. 39.)

*S. S. Holl* and *J. W. Armstrong*, for Respondent.

The statute provides that all material allegations in the complaint not controverted by the answer, *must for the purposes of the action be taken as true,* and it is nonsense to say that the admitted facts are to be taken as true, and still that the jury must pass upon them. It is not for them to construe the pleadings, but it is for them to pass upon the issues submitted to them and nothing else. If the verdict was against the admission in the pleadings, it would be disregarded to that extent. (Code of Civil Procedure, sec. 462; *Bradbury* v. *Cronise*, 46 Cal. 287.)

By the COURT:

The answer of the defendant contained several denials and one averment of new matter relied upon as a defense. The denials were: First—That plaintiff was owner of the personal property mentioned in the complaint. Second—That the plaintiff had, at any time, the possession of said personal property. Third—That the defendants took the property from the possession of the plaintiff. The new matter set up in the answer was

to the effect that the property was the property of Woods, and
that it was taken by the defendant Drew as Sheriff, by virtue of
a writ of attachment issued against Woods at the suit of the
defendant Skaggs; and in this connection, and as part of the
affirmative defense, it is alleged that the plaintiff claims the
property " under and by virtue of a pretended purchase thereof
from the said A. S. Woods, and that said pretended sale of
said goods and chattels by the said Woods to plaintiff, if made
at all, was made fraudulently and for the purpose of hindering
and delaying creditors of the said A. S. Woods in collecting
their just debts, and particularly," etc.

In this condition of the pleadings, the Court below, at the in-
stance of the plaintiff, gave the jury the following instruction:

" The defendants, in their answer, seek to justify the taking
of the property under an attachment issued out of this Court
on the 24th day of October, 1876, in an action in which the de-
fendant E. M. Skaggs was plaintiff, and A. S. Woods and John
N. Larkin were defendants, which the defendants allege was
levied upon the property by the defendant Drew, as Sheriff, as
the property of A. S. Woods; and they allege that Billings, the
plaintiff, claims to be the owner of said property under and by
virtue of a purchase thereof from A. S. Woods, and that the
sale by Woods to the plaintiff was made fraudulently for the
purpose of hindering and delaying the creditors of said Woods
in collecting their just debts, and particularly the defendant E.
M. Skaggs. By these averments the defendants admit there
was a sale of the property by Woods to the plaintiff, which was
a valid sale as between said Woods and the plaintiff; and as
the defendants seek to avoid the sale on the grounds that it was
made for the fraudulent purpose of hindering and delaying the
creditors of said Woods, the burden of proof is upon the de-
fendants to show affirmatively by a preponderance of evi-
dence that said sale was made by Woods for the fraudulent pur-
pose of hindering and delaying his creditors or the defendant
E. M. Skaggs out of his debt; and if the evidence in this case
fails to show that said sale was made by Woods to the plaintiff
for the purpose of hindering or delaying the creditors of said
Woods, you will find a verdict for the plaintiff."

This instruction was erroneous, in that it deprived the defendants of the benefits of the denials contained in their answer. They had the right to set up negative as well as affirmative defenses to the action, and the affirmative matter, separately pleaded, did not operate as a waiver or withdrawal of the denials contained in other portions of the answer. (*Buhne* v. *Corbett*, 43 Cal. 264.)

Judgment and order denying a new trial reversed, and cause remanded for a new trial.