Lacey, O. J.
This action was brought by the defendant in.error to recover the value of a certain trunk and its contents, alleged to be his property. The petition avers that the plaintiff in error is a common carrier, and as such, on October 6, 1881, received the wife of the defendant in error as a passenger into its cars, with the trunk, as her baggage, containing necessary wearing apparel of herself and infant child, to be carried from Chicago, Illinois, to Boston, Massachusetts, but that through negligence the plaintiff in error had suffered said baggage to become lost, and on demand had failed and refused to redeliver the same to the defendant in error. The plaintiff in error answered a general denial, and at a subsequent term of court filed what is termed a supplemental answer, consisting of (1) a general denial; (2) a special plea averring that subsequent to the original answer, to wit, in February, 1883, the plaintiff in error had tendered the trunk and all its contents in good condition to the defendant in error at his place of residence in Cheyenne, Wyoming; that it had been at all times since said tender, and then was, ready to deliver said property to the defendant in error, and that said articles, by reason of their weight, bulk, and character, could not conveniently be brought into court. A jury trial was had, resulting in a verdict for the defendant in error, upon which, after overruling a motion for a new trial, the court below entered judg-men t.
Without considering in detail the 41 assignments of error, I think the record fairly raises these questions: (1) Did the answer of plaintiff in error, taken as a whole, conclusively admit the cause of action stated in the petition, excepting only the amount of damages? (2) Was the defendant in error, after action brought, and after the original answer had been filed, bound to accept, when tendered, the property concerning which the action was brought, and recover only for the detention, and any damage to the property? (3) If the defendant in error could refuse to receive the property when tendered, was the measure of damages the value of the property to the defendant in error at Cheyenne, Wyoming, (his place of residence,) at the time of the delivery of the same to the plaintiff in error at Chicago, Illinois, for transportation to Boston, Massachusetts? This question, of course, assumes, for the purposes of the question, that the plaintiff in error, as a common carrier, received the baggage as is alleged in the petition. If the first and third questions above propounded be answered in the affirmative, and the second question be answered in the negative,' then the rulings of the court below on the trial of the cause can be sustained, otherwise they must be held erroneous.
1. It seems unnecessary to point out the radically defective character of the second plea as an answer in bar. The defendant in error contends that the first question must be answered in the affirmative, and as a basis for such answer asserts, and with much skill and learning maintains the proposition, that the special plea modifies the general denial to the extent of all admissions contained in such special plea, whether those admissions be express or implied. At common law double pleading was inadmissible, but the harshness of that rule led to the enactment of the following statute:
“It shall be lawful for any defendant or tenant in any action or suit, or for any plaintiff in replevin, in any court of record, with leave of the court, to plead as many several matters thereto as he shall think necessary for his defense.” 4 Anne, Ch. 16, §4.
Under this statute the ruling of the English courts has been that inconsistent pleas are admissible, and that the admissions in one plea are not available to the plaintiff against any .other plea. Statutes have been enacted in many of the states giving to the defendant the right, without reference to any leave of court, to plead as many several defenses as he shall deem necessary, and in such states the courts follow the English ruling. Farnan v. Childs, 66 Ill. 544; Pope v. *137 Welsh's Adm’r, 18 Ala. 631; Clements v. Cribbs, 19 Ala. 241; Child v. Allen, 33 Vt. 476; Nadenboush v. Sharer, 2 W. Va. 285; Fowler v. Davenport, 21 Tex. 626; Duncan v. Magette, 25 Tex. 245; Smith v. Sublett, 28 Tex. 163; Kimball v. Bellows, 13 N. H. 58; Hall v. Clement, 41 N. H. 166; Bank v. Otis, 53 Me. 133; Turner v. Beatty, 24 N. J. Law, 644.
But the statute of this territory is claimed to be substantially different from the statutes above referred to. Our statute provides that “th9 defendant may set forth in his answer as many grounds of defense, counter-claim, and set-off as he may have.” Comp. Laws, p. 45, § 91. It is contended that this section does not ■permit inconsistent defenses, since the defendant'could not at thesametime“have” two defenses inconsistent with each other. At least 13 of the states have statutes ■substantially like ours. The courts of 10 .of these states hold that the statute does ■not require the several defenses to be consistent, and that the admissions in one plea may not be used by the plaintiff un■der the issue joined upon any other plea. Bell v. Brown, 22 Cal. 671; Siter v. Jewett, 33 Cal. 92; Buhne v. Corbett, 43 Cal. 264; Nudd v. Thompson, 34 Cal. 39; Billings v. Drew, 52 Cal. 565; Miller v. Chandler, 59 Cal. 540; Sumner v. Shipman, 65 N. C. 623; Horton v. Banner, 6 Cush. 596; Morris v. Henderson, 37 Miss. 492; Rowland v. Dalton, 36 Miss. 702; Clarke v. Lyon Co., 7 Nev. 75; Hall v. Austin, Deady, 104; Moore v. Transportation, etc., Co.,7 Or.355; Arnold v. Sturges, 5 Blackf. 256; Weston v. Lumley, 33 Ind. 486; Citizens’ Bank v. Closson, 29 Ohio St. 78; Pavey v. Pavey, 30 Ohio St. 600; Cohrs v. Fraser, 5 S. C. 351; Swift v. Kingsley, 24 Barb. 541; Hollenbeck v. Clow, 9 How. Pr. 289; Bruce v. Burr, 67 N. Y. 240.
The courts of last resort of three of the states having statutes similar to ours hold that inconsistent pleas are not permitted by the statute, and that the admissions contained in one plea may be used by the plaintiff against other pleas, and are conclusive against the defendant. Sexton v. Rhames, 13 Wis. 99; Hartwell v. Page, 14 Wis. 49; Orton v. Noonan, 19 Wis. 350; Farrell v. Hennesy, 21 Wis. 632; Dickson v. Cole, 34 Wis. 621; Derby v. Gallup, 5 Minn. 119, (Gil. 85;) Wiley v. Keokuk, 6 Kan. 94; Butler v. Kaulback, 8 Kan. 668.
The Missouri statute provides that “the • defendant may set forth by answer as ..many defenses * * * as he may have, ” and that “different consistent, defenses may be separately stated in the same answer.” Construing this statute, the supreme court of that state says:
“Some interpretation of the term‘consistent defenses’ should be adopted, if possible, that shall be consistent with the statute and secure the right of full defense. That right will be secured if the consistency required be one of fact merely, and if two or more defenses are held to be inconsistent when the proof of one necessarily disproves the other. Two statements are not inconsistent if both may be true.” Nelson v. Brodhack, 44 Mo. 596.
See, also, Rhine v. Montgomery, 50 Mo. 566; McAdow v. Ross, 53 Mo. 199; State v. Rogers, 79 Mo. 283.
In addition to giving the defendant the right to plead “as many several defenses as he may have,” oúr statute provides that pleadings “shall be liberally construed, with a view to substantial justice between the parties.” .It seems to me that the right thus secured to the defendant is a substantial one, — the right to set forth every defense which in fact exists, without reference to technical conclusions or implications of law which might be drawn or might arise from some of those defenses; that he has the right to plead any number of defenses which are not inconsistent in fact; and that in determining this right two statements should never be held inconsistent if both may be true. It can hardly be necessary to add that the defendant, on the trial, may avail himself of each defense which he has properly set forth in his answer; that he will not be concluded from proving the truth of one plea by any implied admission contained in another, or by any implication qf law arising therefrom.
The above view is within the limits of the doctrine laid down by the overwhelming weight of authority. Moreover, I am not sure that it would conflict with the rulings of the supreme courts of Wisconsin, Minnesota, and Kansas, since the admissions in one plea which those courts have held conclusive against the defendant, as against another plea, were express. And see Map Co. v. Jones, 27 Kan. 177; Warner v. Lockerby, 31 Minn. 421, 18 N. W. Rep. 145, 821; Manufacturing Co. v. Teetzlaff, 53 Wis. 211, 10 N. W. Rep. 155; Bliss, Code Pl. §§ 342-344.
In this case both pleas may be true. For example, for anything that appears in the pleas, the plaintiff in error may have *139 come into possession of the property by finding after suit brought, and not otherwise, and having so received it may have offered to deliver it to the defendant in error. Indeed, this is the state of facts which the plaintiff in error offered to prove by its witness, John L., Freeman, but was precluded from doing so by the ruling of the court on the ground that such evidence was incompetent, immaterial, and irrelevant. There was no proof that the plaintiff in e.rror ever received the property except the implied admission contained in the special plea, and proof of the fact of the tender therein set forth. Thecourtal-, so gave to the jury the following instructions, among others:
“ (3) * * * And I further charge you that, under the pleadings in this case, it is admitted that before this action was brought there was a demand made upon the defendant by the plaintiff for the baggage, and that defendant refused to deliver it. * * * (4) All the allegations contained in the plaintiff’s petition in this case you are to take as true, except the allegation as to the amount of damages alleged to have been sustained by the plaintiff in consequence of the loss of the baggage in question. You have no right to find otherwise than that the defendant received the trunk and contents mentioned in the ¡petition, and became liable to redeliver them, and failed to do so. All these matters are admitted by the defendant by the form and terms of its answer in this case, and you are bound to assume those facts as established.”
It results from what has been said that the above ruling and instructions were ■erroneous.
It is not intended here to express any ■opinion as to whether or not our statute ■authorizes the defendant to set forth in the same answer several defenses, which are totally inconsistent in fact, so that proof of one would necessarily disprove the other.
2. I am not prepared to say that the ■court erred in its ruling that the defendant in error was not bound to accept the baggage at the time it was tendered in this •case. If the allegation of the petition as to the delivery of the baggage to the ■carrier be true, then the plaintiff in error had failed and refused for more than a year to redeliver the property; had been ■called upon in the court below to answer as to its delinquency, and had answered ■by denying the .receipt of the property. Six months after filing such answer, and while the same was still on file, the plain-tiffin error tendered the baggage. The defendant in error was not bound to accept such tender. If the baggage wasnever received for transportation by the plaintiff in error as a common carrier, then no injury was done by the ruling under consideration.
3. In case of injury to baggage or loss of it through the carrier’s fault, the damages must be measured on the basis of the value of the baggage at the place of destination. Suth. Dam. 25)1, 237, and authorities there cited. In such case the value of clothing carried as baggage is its value to the owner for use, and not merely what it could be sold for in money; but still such value must be taken at the place of destination. Fairfax v. Railroad Co., 73 N. Y. 167.
It results that the court erred in permitting the defendant in error to prove the value of the property at Cheyenne, Wyoming. For the errors above pointed out the judgment is reversed, and cause remanded for further proceedings in accordance with this opinion.
All the judges concurring.