JOHN M. BRODERICK, Appellant, v. W. A. ANDREWS, Respondent.

Kansas City Court of Appeals, December 7, 1908.

1. SALE: Breach of Warranty: Counterclaim: Consideration: Pleading: Justices' Court: Statute. An answer to a suit on a note in a justices' court set up in one count with one prayer for relief a sale with warranty to the defendant, the breach of such warranty and a counterclaim for damages and a failure of consideration. *Held*, that the pleading was proper enough in a justice's court and that in suits of this nature a plea of want of consideration is given by section 645, Revised Statutes 1899.

2. ——: ——: ——: ——: Inconsistent Pleas: Trial Practice: Statute. Where pleas are inconsistent they should be attacked by motion and such point can not first be raised by instruction.

3. ——: ——: ——: ——: Justices' Court: Jurisdiction. Where the answer in a justice's court to an action on a note for $250 pleads failure of consideration and also damage of $250 the amount is not beyond the jurisdiction of the justice, since the failure of consideration was not a claim for $250 but a denial of the right to recover that amount.

Appeal from Johnson Circuit Court.—*Hon. Nick M. Bradley*, Judge.

AFFIRMED.

D. T. Boisseau, W. L. Chaney and Jas. A. Kemper for appellant.

(1) In this case, plaintiff's debt and his right to recover thereon, prima facie, are conceded. (2) Defendant's amended answer confirms the sale and rests his defense upon a breach of an express warranty, and is presented and pleaded in one count, and the relief sought is in one prayer and from one wrong. (3) In order to successfully plead breach of warranty as a counterclaim and recover therefor, defendant must affirm the contract of sale and concede or admit plaintiff's right to recover the purchase price. Brown v. Weldon, 27 Mo. App. 251; Crenshaw v. Looker, 99 Mo. 564, 185 Mo. 387; Shepard v. Padgett, 91 Mo. App. 185. (4) It is admitted in the amended answer that the jack was of some value, and of value for the purpose for which it was purchased. Then, defendant must concede his liability to plaintiff for the contract price and defeat, if possible, his final recovery thereon, by proof of damages arising out of the breach alleged and cannot plead "failure of consideration." Brown v. Weldon, 27 Mo. App. 251; Crenshaw v. Looker, 185 Mo. 387; Shepard v. Padgett, 91 Mo. App. 185. (5) The jurisdiction of justices of the peace is limited to $250, exclusive of interests and costs, and a counterclaim being in the nature of cross-action is governed by the same law. Hence it follows that no counterclaim pleaded as a defense to an action originating before a justice of the peace can exceed in amount said jurisdiction. R. S. 1899, sec. 3835; R. S. 1899, sec. 3936.

J. W. Suddath & Son for respondent.

(1) By going to trial on answer without attacking it by motion or demurrer, plaintiff waives all defects except the failure to state a cause of action. Ca-

tron v. Lafayette Co., 106 Mo. 659; R. S. 1899, sec. 602. (2) Even where defenses are inconsistent so that proof of one disproves the other, plaintiff must move to strike out and the point cannot be raised by requested instruction. Harper v. Fidler, 105 Mo. App. 680; R. S. 1899, sec. 602. (3) Where an answer improperly blends allegations constituting a defense to the cause of action and those relating to a counterclaim, the defect must be reached by demurrer or motion to strike out or it is waived. Pattison's Mo. Code Pld., sec. 794; Kinney v. Miller, 25 Mo. 576. (4) Wherever any note is sued upon, the party sued may prove the want or failure of consideration in whole or in part. R. S. 1899, sec. 645. (5) That the plea of failure of consideration of the purchase price for personal property sold on a warranty is available as a defense in a suit to recover such price is the well-settled law in this State. Williams v. Baker, 100 Mo. App. 288; Brown v. Weldon, 27 Mo. App. 268; Brown v. Weldon, 99 Mo. 568; Miles v. Withers, 76 Mo. App. 87; Schoenberg v. Locker, 88 Mo. App. 387; New Birdsell Co. v. Reys, 99 Mo. App. 458; Herman v. Merc. Co., 106 Mo. App. 438; Maugh v. Hornbeck, 98 Mo. App. 389; Steel & Wire Co. v. Symons, 110 Mo. App. 47; Implement Co. v. Parmer, 128 Mo. App. 300; Fairbanks v. Basket, 98 Mo. App. 58; Bailes v. Heer, 91 Mo. App. 428.

BROADDUS, P. J.—This suit was commenced before a justice of the peace where a trial was had and an appeal taken to the circuit court where on trial anew the judgment was for defendant from which plaintiff appealed. The suit is on a note for $250 given for the balance of the purchase price of a jack which plaintiff sold to defendant for the sum of $650, the sum of $400 having been paid at the time of the purchase.

In the circuit court defendant amended his answer in which he admitted the purchase price of the animal for the consideration of $650 and a statement of the

payment of $400 and the execution of the note for the balance; and alleging that prior to the purchase of the jack by him from plaintiff and as an inducement to him to purchase the same plaintiff represented and stated to him that he would warrant said jack to be a good, sure foal-getter, that he would and did warrant that said jack would perform properly and would get at least sixty per cent of mares with foal, and further alleging that he relied upon said representations and bought the jack at the price named. Defendant further alleged that the jack was not a sure foal-getter, that he did not prove as warranted and did not get sixty per cent of the mares served by him with foal and was not at the time of purchase worth more than $150; that by reason of said breach of warranty the consideration of the note had wholly failed and that plaintiff was not entitled to recover thereon. Defendant further set up that by reason of said breach of warranty he was put to great trouble and expense and was thereby damaged in the sum of $250 for which he asked judgment. The defendant introduced evidence tending to sustain his defense and plaintiff's evidence tended to rebut that of defendant. The verdict of the jury was as follows: "We, the jury, find for the defendant."

At the close of all the evidence the plaintiff offered a demurrer to defendant's case made upon his plea of failure of consideration which the court overruled. This action of the court is assigned as error: First, because, "Defendant's answer confirms the sale and rests his defense upon a breach of an express warranty, and is presented and pleaded in one count and the relief sought is in one prayer and from one wrong." The form of pleading cannot be called in question in this case as it originated before a justice of the peace where no formal pleadings are required.. The substance of the two defenses set up in the answer is that there was a breach of warranty on which defendant bases his

counterclaim and that by reason of such breach there was a total failure of consideration.

The plaintiff's theory, as we gather it, is that where there is a breach of warranty the only plea available is that of counterclaim, and that where the property warranted has some value a plea of failure of consideration will not lie. The plaintiff to support this theory relies upon the cases of Crenshaw v. Locker, 185 Mo. 375, and Brown v. Weldon, 27 Mo. App. 251, and in 99 Mo. 564. In the first, it is said, "Proof of failure of consideration standing alone would, if properly pleaded, be a good defense in a suit on the note by the payee against the maker, but will not support a case bottomed on a warranty and a breach thereof." We do not understand from the language quoted that the court meant to say that proof of want of consideration, when pleaded in a case of breach of warranty, would not be good. The court expressly approves the holding in Brown v. Weldon, supra, where it is distinctly held, "That, while in an action upon a promissory note given for the purchase price of a chattel bought for a particular purpose whether upon an express or implied warranty, with or without fraud, it is not necessary that the purchaser should return the article or offer to return it, or to rescind the contract, or that such article should be wholly worthless, in order that he may avail himself of his plea of a failure of consideration; yet, if he retains the article and does not offer to return it, and such article is not wholly worthless, such plea can avail him only so far as to defeat a recovery on the note to the extent of the difference between the value of the article, had it been such as it was represented to be, and its value such as it is shown really to be." The rule thus stated has been followed in numerous cases since, viz.: Shepherd v. Padgitt, 91 Mo. App. 473; Miles v. Withers, 76 Mo. App. 87; Fairbanks v. Baskett, 98 Mo. App. 53; Williams v. Baker, 100 Mo. App. 284; Implement Co. v. Parmer, 128 Mo. App. 300, and also in other cases.

Under section 645, Revised Statutes 1899, the plea of want of consideration is unqualifiedly given in all suits of this character.

This action of the court is assigned as error: Secondly, because, "It is admitted in the answer that the jack was of some value and of value for the purpose for which it was purchased; therefore, defendant must concede his liability to plaintiff for the contract price and defeat . . . his final recovery thereon by proof of damages arising out of the breach alleged, and cannot plead failure of consideration.

In addition to that already decided, the question raised is, defendant having pleaded breach of warranty and admitted that the jack was of some value, can he avail himself of the plea of want of consideration. It may be that the two pleas are, in a sense, inconsistent, but defendant was entitled to the benefit of one or the other. He introduced evidence in support of both without objection so far as we can ascertain from the record and at no time did plaintiff ask that defendant elect on which he would rest his case, but put his objection on the sole ground that defendant was not entitled to recover on his plea of want of consideration. [R. S. 1899, secs. 598, 609.] "If defenses are inconsistent, the plaintiff should move to strike them out of the answer, but, failing in that, he cannot raise the question by instructions." [Harper v. Fidler, 105 Mo. App. 680.]

It is contended that, as the answer in one count pleads a failure of consideration of the note which is for $250 and also pleads damages to the amount of $250, the defense set up is beyond the jurisdiction of the justice which is limited to $250. In other words, the defense is to the effect that defendant has been damaged in the sum of $500 and asks that $250 go to the cancellation of the note and that defendant recover a judgment of $250 against plaintiff.

We are not impressed with the correctness of the proposition. In the first place, section 645, Revised

Statutes 1899, provides, in suits of this character, that the defendant may prove *in any court* want or failure of consideration either in whole or part; and because defendant availed himself of the defense given him by the statute, it cannot be said that he was asserting a claim for $250, but that he was only denying plaintiff's right to recover that sum. It was no part of his counterclaim.

The plaintiff's criticism of the defendant's instructions have been practically answered by what has already been said. It is, therefore, unnecessary to discuss them in detail. Every objection raised by plaintiff on the appeal is technical and nothing is urged to show that the judgment is not for the right party, for which reason it should be affirmed, although there may have been minor errors committed during the trial.

Affirmed. All concur.