## WYOMING CONSTRUCTION AND DEVELOPMENT CO. v. BUFFALO LUMBER CO.

(No. 873; Decided July 18th, 1917; 166 Pac. 391.)

PLEADINGS—INCONSISTENT DEFENSES—WAIVER OF OBJECTIONS—COR-
PORATIONS—AUTHORITY OF OFFICERS—TRANSACTIONS IN THE USUAL
AND ORDINARY BUSINESS—ACTIONS—BURDEN OF PROOF—EVIDENCE
—PROOF OF EXECUTION OF CONTRACT—ADMISSIONS IN PLEADINGS.

1. It is not permissible under Compiled Statutes, Section 4390, to
   plead separate defenses in the same answer, which are so
   inconsistent in fact that the proof of one would necessarily
   disprove the other, in view of the requirement of Compiled
   Statutes, Sections 4222, 4225, that pleadings of fact must
   be verified. But, if contradictory defenses are so pleaded,
   the remedy is by motion to strike, or to require the de-
   fendant to elect upon which he will rely, and in the ab-
   sence of such motion, the objection is waived and both can
   stand and defendant may rely upon either, and plaintiff
   cannot disregard them or either of them on the trial.

2. Where its corporate certificate offered in evidence shows that
   a company is authorized to carry on and conduct the lum-
   ber business, a purchase by its officer of bonds or stock in
   another corporation was clearly outside the usual and or-
   dinary business of the corporation and would not give rise
   to the presumption that he had authority to do so.

3. Admissions contained in a defense of new matter, requisite
   for the introduction of such new matter in defense, are
   not inconsistent with a denial pleaded in a separate de-
   fense in the same answer, and cannot be used to defeat the
   denial. In other words, defendant may both deny and
   avoid, although the avoidance is a tacit admission of what
   is denied.

4. In an action by one corporation against another to recover
   upon an alleged written contract of subscription for bonds
   of plaintiff, not purporting on its face to have been ex-
   ecuted by an officer or agent of defendant, there being a
   general denial, burden was cast upon plaintiff to prove
   that the contract was entered into and executed by de-
   fendant.

ERROR to District Court of Sheridan County; HON. V. J.
TIDBALL, Judge.

Action by the Wyoming Construction and Development
Company against the Buffalo Lumber Company to recover

upon an alleged written contract of subscription for bonds of plaintiff. The judgment was for defendant and plaintiff brings error. The material facts are stated in the opinion.

*H. W. Nichols* and *W. T. Alden,* for plaintiff in error.

Plaintiff was authorized to transact business in Wyoming. The burden of proof was on defendant to prove its second defense that plaintiff had not complied with the corporation laws of Wyoming. (White River L. Co. v. S. W. Imp. Asso., 55 Ark. 625, 18 S. W. 1055; Am. B. O. &c. Mach. Co. v. Moore, 2 Dak. 280, 8 N. W. 131; Standard S. M. Co. v. Frame, 2 Pennew, 30, 48 Atl. 188; Sprague v. Cutler &c. L. Co., 106 Ind. 242, 6 N. E. 335; McKinley &c. Co. v. Gordon, 113 Ia. 481, 85 N. W. 816; American Ins. Co. v. Cutler, 36 Mich. 261; Lehigh V. C. Co. v Gilmore, 93 Minn. 432, 101 N. W. 796; American Ins. Co. v. Smith, 73 Mo. 368; Zion Co-op. Merc. Asso. v. Mayo, 22 Mont. 100, 55 Pac. 915; Northern Assur. Co. v. Borgelt, 93 N. W. 226; Alleghany Co. v. Allen, 69 N. J. L. 270, 55 Atl. 724; Charles &c. Co. v. Haas, 171 N. Y. 579, 64 N. E. 440; Fuller v. Schrenk, 58 N. Y. App. Div. 222, 68 N. Y. Supp. 781. Affirmed, 171 N. Y. 671, 64 N. E. 1126; Osborn v. Schilling, 68 Kan. 808, 74 Pac. 609; Coppage v. Goetz Brg. Co., 67 Kan. 851, 73 Pac. 908; Northup v. Wills L. Co., 65 Kan. 769, 70 Pac. 879.) Merely holding title to land is not doing business in the state within the meaning of the statute. (Missouri C. & M. Co. v. Ladd, 160 Mo. 435, 61 S. W. 191; Land Co. v. San Antonio T. Co., 95 Tex. 252, 66 S. W. 768; Meddis v. Kenney (Mo.), 75 S. W. 633; Goldberry v. Carter, 100 Va. 438, 41 S. E. 658.) Especially where ownership is evidenced by stock in the corporation holding the title. (Commonwealth v. N. Y. L. V. & W. R. R. Co., 132 Pa. St. 591, 609, 19 Atl. 291, S. C. 139 Pa. St. 457-459, 21 Atl. 528.) A single transaction is not doing business within the statute. (Cooper v. Ferguson, 113 U. S. 727; Gilchrist v. Helena H. S. & S. R. Co., 47 Fed. 593.) Such as securing subscriptions to stock of a foreign corporation. (Union Trust Co. v. Sickels, 124 N. Y. App. Div. 105; Payson, Assignee, v. Withers, 5 Bissell

(U. S. Cir. Ct.) 269; Pavilion Co. v. Hamilton, 15 Pa. Supr. Ct. 389; Galena M. & S. Co. v. Frazier, 20 Pa. Supr. Ct. 394, 398; West v. Grosvenor, 102 N. Y. App. Div. 266.) The rule does not apply to interstate business. (Gould L. & C. Co. v. Teleg. Co., 17 Wyo. 507, 520; Lehigh Cement Co. v. McLean, 245 Ill. 326, 330, 92 N. E. 248; International Text Book Co. v. Pigg, 217 U. S. 91; 54 L. Ed. 678.) Nor to acts outside of its regular business. (Alpena Cement Co. v. Jenkins, 244 Ill. 354, 360, 91 N. E. 480; Ferkel v. Col. Clay Works, 192 Fed. 119; Construction Co. v. Winton, 208 Pa. St. 467, 57 Atl. 955.) Nor to interstate commerce. (International Text Book Co. v. Pigg, 217 U. S. 91, 54 L. Ed. 678; Caldwell v. North Carolina, 187 U. S. 622, 47 L. Ed. 336.) The mere employment of an agent in another state does not render the business transacted there intrastate. (In re. Monongahela Dist. Co., 186 Fed. 224.) Owning shares in a local corporation is not within the rule. (Shepp v. Schuylkill Valley Traction Co., 17 Montg. Co. Rep. (Pa.) 52; Commonwealth v. Standard Oil Co., 101 Pa. —; Mannington v. H. V. Ry. Co., 183 Fed. 153, 156; Edmunds v. I. C. R. R. Co., 36 Nat. Corp. Rep. 50; Peterson v. C. R. I. & P. Ry. Co., 205 U. S. 564, 51 L. Ed. 851, 852; People ex rel. Kelsey, 101 N. Y. App. Div. 205, 206; People v. American Bell Tel. Co., 117 N. Y. 241.) Nor the purchase of negotiable securities. (Miller v. Williams, 59 Pac. (Supr. Ct. of Colo., Dec. 19, 1899) 740.) The question as to whether charter powers are broader than is permitted by the statutes of Wyoming cannot be raised in a collateral proceeding. (Tarbell v. Page, 24 Ill. 46; Brouwer v. Appleby, 1 Sandf. Ch. 158; Minnesota Gas Light &c. Co. v. Denslow, 46 Minn. 171; Harris v. Gateway Land Co., 128 Ala. 652, 657; Central &c. Assoc. v. Ins. Co., 70 Ala. 120; Planters &c. Co. v. Webb, 144 Ala. 666-673; American Alkali Co. v. Campbell, 113 Fed. 398, 405; Chubb v. Upton, 95 U. S. 665, 24 L. Ed. 523, 525; Telephone Co. v. Howell, 132 Ia. 22, 27; Fire Ins. Co. v. Jesser, 87 Mass. 446, 448; Swortwout v. Railroad Co., 24 Mich. 389; Monroe v. Railroad Co., 28 Mich.

272; Anderson v. Railroad Co., 91 Tenn. 44; Methodist
Episcopal Union Church v. Pickett, 19 N. Y. 482; Hartford
Deposit Co. v. Rector, 190 Ill. 380; American Trust Co. v.
M. & N. W. R. R. Co., 157 Ill. 641, 652.) Defendant entered
into the contract sued upon and its authority to do so is pre-
sumed. (Willow Spgs. Irr. Dist. v. Wilson, 74 Neb. 269,
104 N. W. 165; Perryman & Co. v. Farmers &c. Co., 167
Ala. 414, 52 So. 644; Burnett Cigar Co. v. Art Wall Paper
Co., 164 Ala. 547, 51 So. 263; Sullivan v. Grass Val. &c.
Co., 77 Cal. 418, 19 Pac. 757; Malone v. Crescent City &c.
Co., 77 Cal. 38, 18 Pac. 858; Duval Investment Co. v. Stock-
ton, 54 Fla. 296, 45 So. 497; Cawthra v. Stewart, 59 Misc.
38, 109 N. Y. Supp. 770; Belch v. Big Store Co., 46 Wash.
1, 89 Pac. 174.) The act of its president will be presumed
to have been authorized. (Anderson v. So. Chi. Brg. Co.,
173 Ill. 213, 50 N. E. 655; Smith v. Smith, 62 Ill. 493; To-
peka P. Assoc. v. Martin, 39 Kas. 750, 18 Pac. 941; Kenton
Ins. Co. v. Bowman, 84 Ky. 430, 1 S. W. 717; Ceeder v.
H. M. Loud &c. L. Co., 86 Mich. 541, 49 N. W. 575; Sparks
v. Dispatch Co., 104 Mo. 531, 15 S. W. 417; Quee Drug Co.
v. Plaub, 55 N. Y. App. Div. 87, 67 N. Y. Supp. 10; Dough-
erty v. Hunter, 54 Pa. St. 380.) The execution of the con-
tract was admitted and proof of the president's authority
was unnecessary. (Vette v. Evans, 111 Mo. App. 588, 86
S. W. 504; Marx v. Gross (N. Y.), 9 N. Y. Suppl. 719;
Barnes v. Coos Bay Nav. Co., 41 Ore. 135, 68 Pac. 397.)
Admissions in a special defense operate to modify a general
denial and may be taken as true without further proof.
(Queens Ins. Co. v. Hudnut, 8 Ind. App. 22, 35 N. E. 397;
Hannen v. Pence, 40 Minn. 122, 41 N. W. 651; State v.
Firemen's Fund Ins. Co., 152 Mo. 1, 52 S. W. 595; Robe-
man v. Gaiser, 53 Neb. 424, 73 N. W. 923; Lamberton v.
Shannon, 13 Wash. 404, 43 Pac. 336; Mitchell v. Ripley, 5
Kas. App. 818, 49 Pac. 153.) Inconsistent defenses are per-
missible. (31 Cyc. 150; Phoenix Ins. Co. v. Carnahan, 63
O. St. 258, 58 N. E. 805; Lake Shore & M. S. Ry. Co. v.
Warren, 3 Wyo. 136.) The contract was not ultra vires.
(29 Am. & Eng. Enc. of Law, 2nd Ed. 46; Thomas v. West

Jersey Ry. Co., 101 U. S. 71; Pittsburg &c. R. Co. v. Keokuk &c. Bridge Co., 131 U. S. 385; Davis v. Old Colony R. Co., 131 Mass. 258; Steinway v. Steinway, 17 Misc. (N. Y.) 47; Best Brewing Co. v. Klassen, 185 Ill. 37; State v. Lincoln Trust Co., 144 Mo. 562; Holmes v. Willard, 125 N. Y. 75; 29 Am. & Eng. Enc. of Law, 47.) Defendant had implied power to do acts necessary or incidental to the general object and purpose of its organization. (7 Am. & Eng. Enc. of Law, 2nd Ed. 807; Richelieu Hotel Co. v. International Military Encampment Co., 140 Ill. 248; B. S. Green Co. v. Glodgett, 159 Ill. 169; Steinway v. Steinway, 17 Misc. Rep. (N. Y.) 43; Vandell v. South San Francisco Dock Co., 40 Cal. 83; McGeorge v. Big Stone Gap Imp. Co., 57 Fed. Rep. 262; Whetstone v. Ottawa University, 13 Kas. 320; Sherman Center Town Co. v. Russell, 46 Kas. 382; Fort Worth City Co. v. Smith Bridge Co., 151 U. S. 294; Louisville &c. R. Co. v. Literary Society of St. Rose, 91 Ky. 395.) Ultra vires can be raised only by special plea. (Citizens State Bank v. Pence, 59 Neb. 579, 81 N. W. 623; 5 Standard Ency. of Proc., 658; Bell v. Mendenhall, 71 Minn. 331, 73 N. W. 1086; Chi. &c. Tool Co. v. Munsell, 107 Ill. App. 344; Iowa Business Men's &c. Assoc. v. Berlau, 125 Ia. 22, 98 N. W. 766; German Savings Inst. v. Jacoby, 97 Mo. 617, 11 S. W. 256; Williams v. Verity, 98 Mo. App. 654, 73 S. W. 732; Bacon v. Montauk Brewery Co., 130 App. Div. 937, 115 N. Y. Supp. 617; Stanton v. Erie R. R. Co., 131 App. Div. 879, 116 N. Y. Supp. 375; Farmers &c. Bank v. Detroit & M. R. Co., 17 Wis. 372.) The court erred in admitting evidence on improper cross-examinaton and in excluding material evidence offered by plaintiff. The Gould case, 17 Wyo. 519, is not in point on the facts. Statutes of this class merely suspend the remedy on the contract, until there is a compliance with the statute. (Wood Mowing Mach. Co. v. Caldwell, 54 Ind. 270; Nat'l M. F. I. Co. v. Pursell, 10 Allen, 231; Carson-Rand Co. v. Stern, 129 Mo. 381; Neuchated Asphalt Co. v. New York, 155 N. Y. 373; Sullivan v. Beck, 79 Fed. R. 200; Goddard v. Crefield Mills, 75 Fed. R. 818.) The execution of the

contract was admitted in the third defense and further proof
was unnecessary. (Barnes v. The Coos Nav. Co., 41 Ore.
135, 68 Pac. R. 397; Ry. Co. v. Warren, 3 Wyo. 136, 137.)
The authorities are correlated in a note to Bank v. Jones &
Carter, 48 L. R. A. 177. Ultra vires not having been pleaded
was waived. (Hawkes v. Eastern Counties R. Co., 1 DeG.
M. & G. 760; 29 Am. & Eng. Ency. of Law (2nd Ed.) 50.)
Defense of ultra vires is not available under general denial.
(Citizens State Bank v. Pence, 59 Neb. 579, 81 N. W. 623,
624; Assn. v. Berlau, 125 Ia. 22, 98 N. W. 766.)

*Hayden M. White* and *Metz & Sackett,* for defendants in
error.

Plaintiff was unlawfully doing business in the state on
the date of the contract. (Gould Co. v. Tel. Co., 17 Wyo.
519, 101 Pac. 931; Art. X, Sec. 5, Const.) Contracts made
by foreign corporations without complying with the law
are void, especially where no other penalty is imposed.
(Dudley v. Collier, 87 Ala. 433; In re. Comstock, 3 Sawy.
(U. S.) 218; Cincinnati Mut. Health Assur. Co. v. Rosen-
thal, 55 Ill. 92; British Columbia Bank v. Page, 6 Ore. 431;
Hatcheny v. Leary, 12 Ore. 40; Booth v. Weigand (Utah,
1904), 79 Pac. 570; Williams v. Scullin, 59 Mo. App. 30;
Belvins v. Frawley, 71 Mo. App. 259; Bartlett v. Vinor,
Carth. 252; Chitty on Con. 230; Thompson v. Iowa State
Traveling Men's Association, 120 N. W. 529; Deere Plow
Co. v. Wyland, 69 Kas. 255, 76 Pac. 863; Deere Plow Co. v.
Wyland, 69 Kas. 255, 76 Pac. 863.) Subsequent filing of
necessary papers does not validate prior business transacted
unlawfully. (Land Co. v. Reedy Co., 222 Ill. 199, 6 A. & E.
Cases, 637.) Plaintiff's articles of incorporation permitt
it to engage in more than one line of business, which is not
permitted by the Wyoming Constitution. (Sec. 6, Art. X;
Secs. 3973, 3974, 3975, 4001 and 4249, Comp. Stats. 1910.)
Powers conferred by its articles of incorporation are not
permissible under the laws of Wyoming. (Consumers' Gas
Co. v. Quinby, 137 Fed. 882, 998; Jones v. Aspen Hard-
ware Co., 21 Colo. 263, 40 Pac. 457; Burke v. Mead, 159
Ind. 252, 64 N. E. 880; U. S. Bank v. Stearns, 15 Wend.

314; Methodist Episcopal Church v. Pickett, 19 N. Y. 482, 485-6; O'Reily v. Kankakee Draining Co., 32 Ind. 169; West v. Bullskin Perry Ditching Co., 32 Ind. 138; McCallion v. Hiburnian Society, 70 Cal. 163, 12 Pac. 114; Greenbriar Expo. v. Rodes, 17 S. E. 305, 306-7; New York Cable Co. v. New York, 104 N. Y. 1, 10 N. E. 332; Harris v. McGregor, 29 Cal. 124; Mokelumne Canal Co. v. Woodbury, 14 Cal. 424, 73 Am. Dec. 658.) Defendant is entitled to raise the point. (The Raccoon River Navigation Co. v. Eagle, 29 Ohio St. 238, 240; Houston v. Cincinnati R. R. Co., 16 Ind. 275, 79 Am. Dec. 430; Brown v. Killian. 11 Ind. 449; Snyder v. Studebaker, 19 Ind. 462, 81 Am. Dec. 415; Penn. Co. v. St. Louis &c. R. R. Co., 118 U. S. 317-18; Gilbert v. Seatco Mfg. Co., et al., 98 Fed. 209.) Notwithstanding the special defense or plea, plaintiff was bound under the general issue to prove its cause of action. (Morris v. Henderson, 37 Miss. 502.) Inconsistent defenses are permitted by Section 4390, Comp. Stats. 1910. Corporations are not permitted to purchase stock in other companies. (Comp. Stats., Sec. 3983.) Unless subsidiary or tributary to the company subscribing. The contract was therefore unlawful and void. It was unnecessary to plead this statute to have the benefit of that defense. (Shoe Co. v. Brooks, 9 Wyo. 424.) A void contract is no contract. The burden was upon plaintiff to prove the making of a valid contract. (Gilbert v. Seatco Mfg. Co., 98 Fed. 209; Bank v. Bank, 36 Ohio St. 350; Bank v. Agency, 24 Conn. 159; Franklin Co. v. Bank, 68 Me. 43.) The petition states no cause of action and the contract was properly ruled out of the evidence. (Ry. Co. v. Iron Co., 46 O. St. 44.) Plaintiff was charged with knowledge of the limitations of corporate powers of defendant. (Central Co. v. Carr Co., 139 U. S. 24; White v. Bank, 66 South Carolina, 502, 45 S. E. 99; In re. Smith Lumber Co., 132 Fed. 620; Humboldt Mining Co. v. American Mfg. Co., 62 Fed. 356; Davis v. Old Colony R. R. Co., 131 Mass. 258, 41 Am. Rep. 221; Relfe v. Rundle, 103 U. S. 222, 226; Salt Lake City v. Hollister, 118 U. S. 256, 263; Railway Companies v. Keokuk Bridge

Co., 131 U. S. 371, 384; Boomer v. City Bank, 77 Va. 445; Leonard v. American Insurance Co., 97 Ind. 299; Haden v. Farmers &c. Fire Association, 80 Va. 683; Pearce v. Madison &c. R. R. Co., 21 How. 441, 443.) A corporation is never estopped to deny its power to make a contract. (Mining Co. v. Mfg. Co., 62 Fed. 356; Ry. Co. v. Iron Co., 46 O. St. 44; Brewing Co. v. Klassen, 185 Ill. 37.) Interesting cases on ultra vires are Gas Co. v. Quinby, 137 Fed. 882, 896 to 899; Burke v. Mead, 159 Ind. 252; Williams v. Enterprise Co., 25 Ind. App. 351, 57 N. E. 581. The contract being ultra vires was clearly void. (Penn. Co. v. St. Louis R. R., 118 U. S. 314 to 316; Thomas &c. v. R. R. Co., 101 U. S. 82 to 83; Pearce v. Madison, 21 How. 441; Central Transportation Co. v. Pullman &c., 139 U. S. 24; In re. Smith Lumber Co., supra, 132 Fed. 620; National B. & L. Assn. v. Bank, 181 Ill. 35, 54 N. E. 619, 72 Am. St. Rep. 247; Bank v. Whitehead, 149 Ind. 560, 49 N. E. 592; Richmond Guano Co. v. Farmers &c., 119 Fed. 711; E. St. Louis Ry., et al., v. Jarvis, 92 Fed. 744; Necallet Nat. Bank v. Frisk Turner Co., 71 Minn. 413, 74 N. W. 160, 70 Am. St. 334; State v. Minn. Thresher Mfg. Co., 40 Minn. 213, 222, 41 N. W. 1020, 3 L. R. A. 510; People v. Chicago Gas Trust Co., 130 Ill. 268, 17 Am. St. Rep. 319, 324, 326, 328, 332.) One corporation cannot become a shareholder in another unless it is specifically authorized to do so under its articles of incorporation, or by the laws under which it is organized. (1 Greens Brice Ultra Vires, p. 91, Note (B.), also 95; 1 Morawetz Priv. Corporations, Sec. 431, 433; Franklin Co. v. Institution, 68 Me. 48, 28 Am. Rep. 9; Bank v. Bank, 36 Ohio St. 350; People v. Pullman Car Co., 175 Ill. 125, 51 N. E. 664; McCoy v. World's Columbian Exposition, 87 Ill. App. 605, 186 Ill. 356, 57 N. E. 1043, 78 Am. St. Rep. 288.) The burden of proof rested upon the plaintiff. (Gilbert v. Mfg. Co., et al., 98 Fed. 208.)

*H. W. Nichols* and *W. T. Alden,* for plaintiff in error, in reply.

The Gould case, 17 Wyo. 519, is not in point on the facts. Authorities cited by defendant on the question of ultra vires

are clearly distinguishable from the case at bar. The ob-
jects of the plaintiff corporation as specified in its articles
are not subject to attack by defendant. Defendant's first
and third defenses are inconsistent and cannot be urged in
the same answer. (Ry. Co. v. Warren, 3 Wyo. 133.) De-
fenses inconsistent in fact are not permissible. (Barnes v.
Coos Bay Navigation Co., 41 Ore. 135, 68 Pac. 397; Marx
v. Gross, 9 N. Y. S. 719; McIntyre v. Wiegand, 24 Abb.
N. C. 312, 10 N. Y. S. 3; Pavey v. Pavey, 30 O. St. 600;
Cate v. Hutchinson, 58 Neb. 232, 78 N. W. 500.) The de-
fense of ultra vires not having been pleaded, must be taken
as waived. (F. & G. Co. v. Parker, 20 Wyo. 29.) Defend-
ant was not prohibited by law from entering into the con-
tract sued on. The ownership of stock does not constitute
the doing of business. (Peterson v. Ry. Co., 205 U. S. 564,
51 L. Ed. 851-852.) The cases cited by defendant in sup-
port of the alleged rule of law that one corporation cannot
invest in the stocks of another corporation unless author-
ized by statute to do so, do not establish the principle con-
tended for.

BEARD, JUSTICE.

The plaintiff in error, as plaintiff, brought action against
defendant in error, as defendant, to recover upon an alleged
written contract of subscription for bonds of plaintiff. Upon
the trial the court instructed the jury to return a verdict for
defendant, and judgment was entered on the verdict, and
plaintiff brings error.

The plaintiff is a corporation organized and existing un-
der the laws of the state of South Dakota, and the defendant
a Wyoming corporation. The contract sued upon is signed:
"Buffalo Lumber Co. by H. G. Campbell." In its petition
plaintiff alleged its corporate capacity and that it was law-
fully authorized to transact business in the State of Wyo-
ming, and the usual averments as to the execution and de-
livery of the contract by defendant.

The defendant answered: First, a general denial; sec-
ond, specifically denied that plaintiff was authorized to

transact business in Wyoming by reason of its failure to comply with the laws of Wyoming, in that it had not filed its certificate of incorporation and an authenticated copy of the corporation laws of the State of South Dakota with the Secretary of State of Wyoming or in the office of the Register of Deeds of Johnson County, nor had it filed an acceptance of the Constitution of the State of Wyoming, or the appointment of a resident agent as required by law; and averred that at the time of making the pretended contract plaintiff was engaged in carrying on and conducting business in Wyoming. Third, alleged false and fraudulent representations on part of plaintiff in procuring the pretended contract, and "believing and relying on said representations, and upon the faith of them, the defendant did subscribe for bonds and stock of said company in the pretended contract set out in plaintiff's petition."

For reply to the second defense, plaintiff admitted that at the date of the contract sued upon, to-wit: May, 1913, it had not complied with the laws of Wyoming in the particulars mentioned in said defense, and did not do so until September 13 and 15, 1913. Denied that it was conducting any corporate business in Wyoming until after September 15, 1913. Replying to the third defense, it denied generally, except it admitted the allegations stating "that the defendant did subscribe for bonds and stock of said company," and that the same had not been delivered, but were ready for delivery upon payment therefor.

We have stated the substance and effect of the pleadings only as sufficient to show the questions presented in this court. At the close of the evidence submitted by the plaintiff the defendant moved the court "to direct the jury to return a verdict in favor of defendant and against the plaintiff, for the reason and upon the grounds of want of sufficient evidence; and that it is not shown that the defendant ever signed or executed the contract or subscription list sued upon." The court sustained the motion and instructed accordingly. The record does not disclose upon what ground the court based the ruling, whether upon the

ground that plaintiff had failed to prove the execution of the contract by defendant; or that the court held that the plaintiff could not maintain the action on account of its failure to comply with the laws of this state with respect to foreign corporations; both of which questions are urged in the briefs. On the first question counsel for plaintiff contends that the allegations of the third defense wherein defendant pleaded false and fraudulent representations made by plaintiff's alleged agents to defendant and upon the faith of which it relied, "the defendant did subscribe for bonds and stock of said company in the pretended contract set out in plaintiff's petition," is inconsistent with the general denial contained in the first defense, and relieved the plaintiff from the necessity of proving the execution of the contract by defendant.

Under the provisions of our Code of Civil Procedure, Section 4390, Comp. Stat. 1910, "The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he has, whether they are such as have been heretofore denominated legal or equitable, or both"; and requires the several defenses to be separately stated. The only limitation upon the pleading of inconsistent defenses seems to be the requirement that pleadings of fact must be verified (with certain exceptions) by the affidavit of the party, his agent or attorney, to the effect that he believes the statements to be true. (Secs. 4422, 4425, Comp. Stat. 1910.) We think the real test as to the limitations upon pleading inconsistent defenses under our system of pleading is well stated in Citizen's Bank v. Closson, 29 O. St. 78: "When two alleged grounds of defense plainly contradict each other, they are not susceptible of verification, because it is impossible for both to be true. The verification of one is the falsification of the other. In such a case, the answer, though sworn to, is not 'verified,' and should, on motion, be stricken from the files, or the defendant be put to his election." In the case before us there was no motion by plaintiff to require the defendant to elect between the defenses pleaded in the first, and in the third defense set up

in the answer.  The proper practice where inconsistent de-
fenses are pleaded is by motion to strike them out or to re-
quire the defendant to elect upon which he will rely.  (Phil-
lips on Code Pleading, Sec. 266; Pomeroy's Code Remedies
(3rd Ed.), Sec. 724; Pavey v. Pavey, 30 O. St. 600; Har-
per v. Fidler, 105 Mo. App. 680, 78 S. W. 1034; Broderick
v. Andrews, 135 Mo. App. 57, 115 S. W. 519; Clink v.
Cohen, 13 Cal. 623; Uridias v. Morrell, 25 Cal. 31; Murphy
v. Russell & Co., 8 Idaho, 133, 67 Pac. 421; Buhne v. Cor-
bett, 43 Cal. 264; Billings v. Drew, 52 Cal. 565.)  By failing
to move to strike out, or to require defendant to elect, plain-
tiff waived the inconsistency in the defenses pleaded, if there
was in fact any such inconsistency, and defendant could rely
upon either.  That was the theory upon which the case was
tried.  Plaintiff put in evidence the certificate of incorpora-
tion of defendant; called Mr. Campbell as its witness and
proved by him that he was the party who signed the con-
tract; that he was president of the defendant company;
that the company carried a bank account and that both he
and the vice president each signed checks on such account.
Upon that evidence it is argued that his authority to sign
the contract in question is presumed, and that the burden
was then upon the defendant to prove his want of authority.
A number of decisions are cited as sustaining that proposi-
tion; but an examination of them discloses that where it has
been so held, the act done or the contract entered into was
in the usual and ordinary business of the corporation.  Here,
as shown by the certificate of incorporation, the business au-
thorized thereby was the carrying on and conducting the
lumber business.  Without deciding whether defendant was
authorized to purchase or subscribe for the bonds or stock
of plaintiff, it is clear that to do so was outside the usual
and ordinary business of the defendant, and would not give
rise to such presumption.  The contract offered in evidence
and excluded by the court, does not, on its face, purport to
be executed by any officer or agent of the defendant.  In
that respect it differs from the copy set out in the petition.
By the denial in the first defense the burden was cast upon

the plaintiff to prove that the contract was entered into and executed by defendant. That it failed to do, unless the claimed admission contained in the third defense relieved it of that burden. There is no direct admission in the third defense that defendant in fact subscribed for the bonds of defendant. We think it admitted no more than that the contract was signed and executed in the manner and form apparent on its face, and was not an admission that it was so signed by authority of defendant; and "must be considered as having been made for the sake of the plea merely." (Siter v. Jewett, 33 Cal. 92.) Where the contract is mentioned in the third defense it is referred to as the "pretended contract." In Rudd v. Dewey, 121 Ia. 454, 96 N. W. 973, the court said: "But even in states where inconsistent defenses are not allowed, the remedy is by motion to strike or require an election; and, if the two defenses are allowed to stand, the colorable confession in one division, which is introduced or impelled in order to support matters in avoidance, does not waive the general denial pleaded in another." In 2 Enc. Law & Practice it is said: "While there is some conflict on the question, the great weight of authority, both at common law and under the statutes, favors the doctrine that, where several inconsistent pleas are filed, the admissions in one are not competent as evidence to rebut a repugnant averment in another." The authorities upon which the author arrives at this conclusion are cited in the notes. In 1 Elliott on Evidence, Sec. 236, it is stated: "There is much reason in support of the view that where the law authorizes a party to plead in this way, as, for instance, where it authorizes him to set up independent and even inconsistent defenses in different paragraphs of answer, the statements in a particular paragraph are made for the purpose of presenting the issue to which they relate, and no other, and to permit them to be used against the pleader on another issue would deprive him of his denials or at least make it dangerous for him to do what the law authorizes him to do. He may, for instance, plead by way of denial in one paragraph and by way of confession and avoidance in another, and it

would seem unjust to permit his unavoidable and, in a sense, conditional admissions in the latter paragraph to be taken as admissions upon the issue raised by the denial. This seems to be the view taken by most of the courts by which the question has been expressly decided." In Pomeroy's Code Remedies (3rd Ed.), Section 724, the rule is stated: "When a denial is pleaded in connection with a defense of new matter, or two defenses of new matter are set up, the admission in the one can never be used to destroy the effect of the other. The concessions of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal. Even in those states where inconsistent defenses are not permitted to stand, the remedy is by striking out, or by compelling an election, and not by using the admissions of one to destroy the issues raised by the other." (See also Quigley v. Merritt, 11 Ia. 147; Glenn v. Summer, 132 U. S. 152, 10 Sup. Ct. 41, 33 L. Ed. 301; McDonald v. Southern Cal. Ry. Co., 101 Cal. 206, 35 Pac. 643; Spaulding v. Saltiel, 18 Colo. 86, 31 Pac. 486; DeLissa v. Coal Co., 59 Kan. 319, 52 Pac. 886; Morris v. Henderson, 37 Miss. 492; Lake Shore & M. S. Ry. Co. v. Warren, 3 Wyo. 134, 6 Pac. 724.)

Upon consideration of the conflicting authorities we have arrived at the following conclusions: (1) That it is not permissible to plead separate defenses in the same answer which are so inconsistent in fact that the proof of one would necessarily disprove the other; but, if so pleaded, the remedy is by motion to strike or to require the defendant to elect upon which he will rely; and in the absence of such motion the objection is waived and both can stand and defendant may rely upon either, and the plaintiff cannot disregard them, or either of them, on the trial. (2) That admissions contained in a defense of new matter, requisite for the introduction of such new matter in defense, are not inconsistent with a denial pleaded in a separate defense in the same answer and cannot be used to defeat the denial. In other words, de-

fendant "may both deny and avoid, although the avoidance is a tacit admission of what is denied."

Applying those rules to the case before us, the plaintiff failed to prove the contract sued upon to be the contract of the defendant corporation, and for that reason alone there was no error in granting the motion for a directed verdict in favor of defendant. As that disposes of the case, the other question has not been considered. The judgment of the District Court is affirmed.                           *Affirmed.*

Potter, C. J., concurs.